97 N.J. Super. 505 (1967)
235 A.2d 482
HAROLD E. FERGER (AND THREE OTHERS), PLAINTIFFS-RESPONDENTS,
v.
LOCAL 483 OF THE INTERNATIONAL ASSOCIATION OF BRIDGE STRUCTURAL AND ORNAMENTAL IRON WORKERS, A.F.L.-C.I.O., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 30, 1967.
Decided November 13, 1967.
Before Judges SULLIVAN, FOLEY and LEONARD.
*506 Mr. Thomas Parsonnet argued the cause for defendant-appellant (Messrs. Parsonnet, Parsonnet & Duggan, attorneys).
Mr. John J. Bracken argued the cause for plaintiffs-respondents (Messrs. Bracken & Walsh, attorneys).
PER CURIAM.
The judgment is affirmed substantially for the reasons expressed in the opinion of Judge Matthews, 94 N.J. Super. 554 (Ch. Div. 1967).
The conclusion of the trial court that defendant cannot avail itself of the 1964 amendment to the international constitution is sustainable upon an additional ground.
The history of the federal litigation between the parties is well stated below and need not be repeated. However, it may be noted that in the first federal court proceeding instituted on April 18, 1962, plaintiffs were deemed qualified for transfer under the old international constitution. Plaintiffs have done nothing since the original proceeding that would alter their qualified status. They made every endeavor to obtain the relief they desired in the federal court system. It cannot be said that they delayed in pursuing their remedy in state court, for the complaint herein was filed within approximately two weeks after the United States Supreme Court denied their petition for a writ of certiorari. The 1964 amendment was passed while defendant's appeal was pending from the adverse determination that plaintiffs were qualified for transfer. To deny plaintiffs membership in defendant local by reason of the belated amendment would be contrary to fundamental fairness and inequitable.
Defendant's position is in actuality an attempt to make the amendment retroactive to the plaintiffs' detriment. This it cannot do. See LoBianco v. Cushing, 117 N.J. Eq. 593, 603 (Ch. 1935), affirmed 119 N.J. Eq. 377 (E. & A. 1936).