250 N.J. Super. 371 (1991)
594 A.2d 642
CHERYL A. MILONE, PLAINTIFF-APPELLANT,
v.
NISSAN MOTOR CORP., A FOREIGN CORPORATION LICENSED TO DO BUSINESS IN THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT, AND HORNUNG AUTOMOTIVE SALES & SERVICE, AN ABC CORPORATION, XYZ PARTNERSHIP AND JOE DOE OR JOHN DOES (NAME OR NAMES FICTITIOUS), DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued February 21, 1991.
Decided June 27, 1991.
*372 Before Judges KING, R.S. COHEN and STERN.
Ernest N. Giannone argued the cause for appellant (Giannone & Curreri, attorneys; Ernest N. Giannone, of counsel; Jeffrey Zajac, on the brief).
Lynn D. Healy argued the cause for respondent Nissan Motor Corporation (Carpenter, Bennett & Morrissey, attorneys; John C. Heavey, of counsel; Lynn D. Healy, on the brief).
The opinion of the court was delivered by KING, P.J.A.D.
We review a dismissal by a Law Division judge of a state court claim for personal injuries. The claim had been asserted previously as a pendent claim in companion federal litigation. We conclude that because the federal claim was dismissed without prejudice and was not adjudicated on the merits, and because the federal court ultimately would have been without *373 jurisdiction over the claim in any event, as the primary litigation was settled and dismissed, the Law Division judge incorrectly dismissed this action, which itself had been the subject of an earlier stay by another judge in the Law Division.
On March 24, 1987 a complaint was filed in the United States District Court for the District of New Jersey in Newark by the Hoyts which named Cheryl Milone and her parents as defendants. The claim alleged that Sara Hoyt, a Pennsylvania citizen and a passenger in Cheryl Milone's car, was injured in a one-car accident in Harris Township, Pennsylvania. The Milones, New Jersey citizens, were served in the federal action on April 7, 1987 and answered on May 26, 1987.
The Milones then filed a third-party complaint against Nissan USA, the American distributor for their vehicle, Hornung Automotive Sales and Service, the retailer of their vehicle, and several "John Does." The Milone third-party complaint sought indemnification, contribution, and damages for the personal injuries of Cheryl Milone. Hoyt was a resident of Pennsylvania; Milone was a resident of New Jersey; Nissan USA was a corporation of the State of California. Since Hornung was also a resident of New Jersey, complete diversity did not exist as to the third-party claims. These claims thus were asserted under pendent federal jurisdiction theory only. See Bator, Meltzer, Mishkin and Shapiro, The Federal Courts & The Federal System (3d ed.) 1044-1052 (1988).
On March 26, 1987 plaintiff, Cheryl Milone, instituted this action in the Superior Court, Essex County against the same parties whom she had sued in her third-party complaint in the federal action. This action was for her personal injuries only, not for contribution and indemnity, and was filed by Giannone and Curreri, Esquires, her personal counsel. The federal third-party claims had been asserted by David Springer, Esquire, counsel for her auto liability carrier, United States Automobile Association (USAA). The carrier and its counsel had no authorization to file a claim for Cheryl Milone's personal injuries.
*374 In September 1987 counsel for Nissan USA filed a motion to dismiss the state action or in the alternative for a stay of that action. Plaintiff's counsel in the state action did not oppose but consented to the application for a stay. On September 18, 1987, Judge Thompson ordered a stay of the state action "until the conclusion of the related federal action." He later retired and did not hear the matter further.
In October 1987 a scheduling conference was held in the federal action. Plaintiff was represented by both Marie Carey, Esquire, her insurance defense counsel and Springer's associate, and Patrick M. Pojerowski, Esquire, of the offices of Giannone and Curreri, Esquires, her personal counsel in the state action. A pretrial scheduling order was entered and completion of discovery was ordered. In December 1987 the Milones moved to delete the personal injury claim from their third-party complaint in the federal action. The motion was opposed. Milone there asserted, without any dispute, that Springer and Carey had not been authorized to bring an action in federal court for her personal injuries. The federal magistrate, Judge Hedges, issued a recommendation that the Milone's "motion for leave to amend their complaint so as to delete a claim for personal injuries on behalf of Cheryl Milone" be granted. Judge Sarokin affirmed Judge Hedges' report and recommendation and on April 11, 1988 "ordered that the affirmative claim of defendant Milone be dismissed without prejudice."
The federal case, without Milone's pendent third-party personal injury but with the pendent third-party claims for indemnity and contribution, was called for trial in October 1989 and then settled. The stay of the state action by its terms expired and Nissan USA promptly moved to dismiss plaintiff's complaint, asserting a bar by the "entire controversy doctrine" and R. 4:27-1(b).
The newly-assigned Law Division judge recognized "that there was the case in the federal court and the defendant *375 [Cheryl Milone], the defendant's insurance carrier, inadvertently filed the affirmative claim" but the judge decided to dismiss this state action. She reasoned that once the claim was filed, plaintiff Cheryl Milone's personal counsel should have cooperated and pursued her affirmative personal injury action in federal court only, under the pendent jurisdiction assertions. The judge concluded that "they should have entered at that point and resolved all of the issues with the federal court and for that reason the motion is granted." We disagree and reverse.
The personal injury claim asserted in the federal case was predicated on pendent jurisdiction alone. Because of a lack of complete diversity between Milone and the third-party defendants, no original federal jurisdiction could attach. Only the continuance of the Hoyt claim sustained the temporarily pendent Milone personal injury claim, as well as the claims for indemnity and contribution. Once the Hoyt claim was settled (9/10ths was paid by Milone's carrier, USAA, and 1/10th by Nissan's and Hornung's interests) the federal case was over and there would have been no federal jurisdiction over Cheryl Milone's personal injury claim, even if that claim still had remained in the federal pleadings. The claim, of necessity, would have been dismissed or remanded to state court, if that were possible. It seems that Judge Sarokin's order in April 1988 dismissing the personal injury claim of Cheryl Milone simply forecast the inevitable result once the Hoyt case was settled over a year later in October 1989.
Since the claim of plaintiff Cheryl Milone in this action could never have been adjudicated independently in federal court because of a lack of complete diversity jurisdiction originally, and because of the likely declination of the federal court to exercise pendent jurisdiction once the Hoyt case settled, we decline now to invoke the "single-controversy" doctrine as a bar to plaintiff's claim. As we stated in Blazer Corp. v. N.J. Sports and Exposition Auth., 199 N.J. Super. 107, 112, 488 A.2d 1025 (App.Div. 1985), a federal court may, and probably *376 will, decline to exercise pendent jurisdiction over state claims upon dismissing the federal claims. We there stated:
When a federal court declines to exercise jurisdiction over state claims that must be asserted under the single controversy doctrine, the doctrine will not bar reassertion of those claims in a state court action. We have held that plaintiffs who asserted related federal and state claims in federal court were free to reassert in state court the state claims that the federal court declined to adjudicate. Ferger v. Local 483, 94 N.J. Super. 554 [229 A.2d 532] (Ch.Div. 1967), aff'd, 97 N.J. Super. 505 [235 A.2d 482] (App.Div. 1967), certif. den., 51 N.J. 181 [238 A.2d 468] (1968). The single controversy doctrine is, after all, "one of judicial fairness and will be invoked in that spirit." Crispin v. Volkswagenwerk, A.G., 96 N.J. [336] 343 [476 A.2d 250 (1984)]. [Blazer Corp., 199 N.J. Super. at 112, 488 A.2d 1025].
Unlike in Blazer, the dismissal of Milone's personal injury claim was not a dismissal on the merits. Cf. Velasquez v. Vera Franz, et al., 123 N.J. 498, 504-505, 589 A.2d 143 (1991) (adjudication on the merits in federal courts bars later claim in state court). We also note that Cogdell v. Hospital Center at Orange, 116 N.J. 7, 560 A.2d 1169 (1989), decided on July 24, 1989, our most recent decision embracing the entire controversy doctrine, was not decided until after the stay in the state action in this case was granted and the federal third-party claim for personal injury was dismissed without prejudice. See also Ferger v. Local 483, 94 N.J. Super. 554, 569, 229 A.2d 532 (Ch.Div. 1967) aff'd, 97 N.J. Super. 505, 235 A.2d 482 (App.Div. 1967), certif. denied 51 N.J. 181, 238 A.2d 468 (1968). The refusal by a federal court to invoke "pendent or parallel jurisdiction" should not preclude later adjudication of state claims on the merits in state courts. Id. We conclude that the Cogdell philosophy of the "single-controversy" doctrine was not intended to upset rooted expectations or defeat "protective" actions commenced in large part in anticipation of the ultimate demise or failure of parallel federal jurisdiction. The "single-controversy" doctrine at bottom is one of "judicial fairness and will be invoked in that spirit." Cogdell, 116 N.J. at 27, 560 A.2d 1169; see also Watkins v. Resorts Int'l Hotel and Casino Inc., 124 N.J. 398, 411-412, 591 A.2d 592 (1991); Reno Auto v. *377 Prospect Park S. & L., 243 N.J. Super. 624, 630-631, 581 A.2d 109 (App.Div. 1990).
Reversed.