674 A.2d 210

JEFFREY MILLER, PLAINTIFF, v. ANTHONY J. SCARI; CAROL HUBER; SCOTT RICHARD FLOEGEL; GEORGE MATAR; CAR–MAC, INC., T/A RANDOLPH MCDONALD'S, A NEW JERSEY CORPORATION; ROLAND KISSINGER, SUSAN WARZECKA; ANIS ALSTON; NANCY MAREK; MARY STIEDL; AND MICHAEL IANNOZZI, DEFENDANTS.

Superior Court of New Jersey
Law Division
Union County

Decided January 19, 1996.

*Arthur L. Raynes* (*Wiley, Malehorn and Sirota,* attorneys) for plaintiff.

*Karen B. Ksander, Donna L. Marks* (*Sonnenschein, Nath & Rosenthal,* attorneys) for defendants; *Sandra L. Zimmerman* (*Roberts & Finger,* attorneys) for defendants.

MENZA, J.S.C.

Defendants move for summary judgment, contending that plaintiff's claim is barred by the entire controversy doctrine.

In 1990, plaintiff, Jeffrey Miller, applied for a McDonald's franchise and thereafter accepted McDonald's invitation to participate in the franchisee training program. Plaintiff participated in the training program from May 1991, until August 1992, during which time he worked approximately 2,700 hours at various McDonald's stores in New Jersey. His work included preparing food, landscaping, cashiering, accounting, and training other workers. In addition to the in-store training, Miller attended classes in store management and operations. Apparently, plaintiff's performance was unsatisfactory to McDonald's which terminated him from the program and refused him a franchise.

Shortly after plaintiff's termination, McDonald's, anticipating a law suit, filed an action in the U.S. District Court for the District of New Jersey seeking a declaratory judgment that 1) the plaintiff had no claim or right against it, because the plaintiff's agreements with McDonald's estopped him from asserting any claims of employment or entitlement to a franchise, and that 2) the plaintiff was not an employee of McDonald's and therefore, could not assert a claim under the New Jersey Wage and Hour Law (NJWHL) (N.J.S.A. 34:11–56a–56.25) or the New Jersey Conscientious Employee Act (CEPA) (*N.J.S.A.* 34:19–1–8). Plaintiff as defendant in that action asserted a four-count counterclaim against McDonald's in which he alleged violations of NJWHL, CEPA, fraud, and promissory estoppel.

The district court judge granted McDonald's summary judgment on each count of its complaint for declaratory relief. Specifically, he found that 1) "based upon the terms of the franchise application program, and Miller's admitted understanding of the arrangement, he is estopped from denying his acceptance of those terms," and that 2) "his performance in the franchise program did not qualify him as an employee who may benefit from the protections of the NJWHL or the CEPA." Based upon his finding that

Miller was not an employee of McDonald's, the court also granted summary judgment to McDonald's on Miller's first and second counterclaims, which were also based upon NJLWH and CEPA. Finally, the court concluded that the facts did not support Miller's third and fourth counterclaims for fraud and promissory estoppel, and accordingly granted McDonald's summary judgment on those counterclaims as well. The plaintiff appealed to the U.S. Court of Appeals for the Third Circuit which affirmed. Plaintiff now brings this action against the individual managers and owners of the franchises in which he had worked during the franchise training program, charging each of them with tortious interference with economic opportunity, conspiracy, violation of the New Jersey Law Against Discrimination (LAD) (N.J.S.A. 10:5-1-42), and defamation.

Each of the franchisees move for summary judgment contending that the state suit is barred by the entire controversy doctrine.

The entire controversy doctrine requires that:

to the extent possible courts must determine an entire controversy in a single judicial proceeding and that such a determination necessarily embraces not only joinder of related claims between the parties but also joinder of all persons who have a material interest in the controversy.

[*Cogdell v. Hospital Center at Orange*, 116 *N.J.* 7, 26, 560 *A.*2d 1169 (1989).]

The rule not only mandates the joinder of claims and parties in state court actions, but requires the joinder of all claims and parties in a federal court action as well. In *Mortgagelinq Corp. v. Commonwealth Land Title*, 142 *N.J.* 336, 662 *A.*2d 536 (1995), the Court held that the entire controversy doctrine barred a plaintiff who had brought suit in a federal district court in Pennsylvania from bringing a subsequent suit in the New Jersey state courts, because the plaintiff could have joined all parties in the federal case, and that failure to do so violated the entire controversy doctrine.

The court set out the rule as follows: "a New Jersey court need not later entertain the claims against the omitted parties if

jurisdiction was available in the first forum." *Id.* at 338, 662 *A.*2d 536.

The first question that must be decided in order to determine whether the entire controversy doctrine bars a party who has litigated a claim in federal court from bringing a similar claim against a party in a subsequent state action, is whether the federal court in the action brought by McDonald's could have exercised jurisdiction over the state defendants.

■ A defendant in a federal case is permitted to join parties to a counterclaim in accordance with *Rule* 13(h) of the Federal Rules of Civil Procedure. That rule provides:

> Persons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 19 (compulsory joinder) and 20 (permissive joinder).

And a federal court may exercise jurisdiction over state parties where the state claims and the federal claims "derive from a common nucleus of operative fact." *See Owen Equipment & Erection Co. v. Kroger,* 437 *U.S.* 365, 371–72, 98 *S.Ct.* 2396, 2401–02, 57 *L.Ed.*2d 274 (1978). The exceptions to this rule are set out in 28 *U.S.C.A.* § 1367(b), which provides:

> In any civil action of which the district courts have original jurisdiction founded solely upon section 1332 of this title, the district court shall not have supplemental jurisdiction under subsection (a) over claims *by plaintiffs* against persons made parties under Rule 14, 19, 20 or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules ... *when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.* (emphasis added).

■ Plaintiff concedes that the state action involves claims that arise out of the same core of operative facts as those in the prior federal action. But he contends that this case falls within the exception to the rule because joinder of the New Jersey residents, the defendants in this case, would have destroyed the jurisdiction of the federal court which was based solely upon diversity of citizenship between plaintiff, a New Jersey resident, and McDonald's, a Maryland corporation. 28 *U.S.C.A.* § 1332. Specifically, he argues that because the individual defendants in this case are all residents of New Jersey, the federal court would have lost

jurisdiction over the case had he joined the New Jersey residents as parties.

■ Plaintiff is wrong. The exception set forth in the rule which prohibits joinder of claims, including those which derive from a common nucleus of operative facts, applies only to the plaintiff asserting claims against non-diverse parties *who have been joined by the defendant* under the federal rules. It does not prohibit the defendant from making non-diverse persons parties to the action under *Rule* 13(h). The case of *In re Texas Eastern PCB Contamination* 15 *F*.3d 1230 (3rd Cir.1994), is similar to the instant matter. In that case, which also was based upon diversity jurisdiction, the defendant brought counterclaims which required the joinder of additional non-diverse parties, and then later on appeal, challenged the trial court's jurisdiction to hear those counterclaims. The court held that the addition of the non-diverse counterclaim defendants by the party defendant did not destroy diversity jurisdiction.

The court explained,

Section 1367(b) of the Act restricts the extension of jurisdiction in diversity cases over "claims by plaintiffs against persons made parties under Rule 14, 19, 20 or 24," and by its terms would not extend to Texas Eastern's counterclaims as party defendant. "Supplemental" jurisdiction under the statute extends to any related claim of the defendant that arises out of the same case or controversy as the original claim. [T]he bringing in of additional parties to respond to a compulsory counterclaim does not destroy diversity jurisdiction....

[*Id.* at 1237–38 (citations omitted).]

The Commentary to § 1367(b) also makes this clear:

[s]ubdivision (b) carves out only specific instances in which it excludes the supplemental jurisdiction in diversity cases. By no means does it exclude it from diversity cases in general. Subdivision (b) of § 1367 is concerned only with efforts of a plaintiff to smuggle in claims that the plaintiff would not otherwise be able to interpose against certain parties in certain specific contexts for want of subject matter jurisdiction. The repetition of the word "plaintiffs" at several rule-citing junctures in subdivision (b) makes this clear.

Therefore, the plaintiff in this case, as a defendant in the federal action, could have brought in the franchisees as parties, but if he had done so McDonald's would not have been able to assert claims against those franchisees. It is the plaintiff who is barred under

the rule, not a defendant, who has the right to assert his claims against any party, whether or not those parties form the basis for jurisdiction.

The federal rules clearly permitted plaintiff to bring claims against the franchisees without destroying the court's diversity jurisdiction. His failure to do so violates the entire controversy rule and thus, mandates the dismissal of this case.

Motion granted.