290 N.J. Super. 293 (1996)
675 A.2d 705
KASELAAN & D'ANGELO ASSOCIATES, INC., PLAINTIFF-RESPONDENT,
v.
WARREN L. SOFFIAN, ESQ.; SOFFIAN & ALLEN; AND MASTER, DONSKY, SOFFIAN & ALLEN, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued April 15, 1996.
Decided May 16, 1996.
*296 Before Judges SKILLMAN, PAUL G. LEVY and EICHEN.
Jon C. Martin argued the cause for appellants (Fox, Rothschild, O'Brien & Frankel, attorneys; Mr. Martin and Richard E. Wegryn, on the brief).
Janice L. Richter, argued the cause for respondent.
The opinion of the court was delivered by SKILLMAN, J.A.D.
The issue presented by this appeal is whether the entire controversy doctrine requires the dismissal of a state court action arising out of the same sequence of events as a previously filed federal district court action, even though the federal action has not yet been concluded.
On June 9, 1992, plaintiff, Kaselaan & D'Angelo Associates, Inc. (K & D), together with its parent corporation, Hill International, Inc. (Hill), filed a diversity action in the federal district court for New Jersey against William D'Angelo, a former K & D employee who had been a principal of K & D before its purchase by Hill, alleging that D'Angelo had breached his employment contract by accepting employment with another company. On February 8, 1993, K & D and Hill amended their federal complaint to add various other defendants, including D'Angelo's new employer, T.G.I. Stephens, Inc. (TGI), to the action.
On October 25, 1993, plaintiff filed this action in the Law Division against defendants Warren L. Soffian and two law firms with which he is affiliated, alleging that Soffian, who represented K & D both before and after its purchase by Hill and who also *297 represented D'Angelo in his negotiations with TGI, breached his fiduciary duties to K & D and tortiously interfered with K & D's contract with D'Angelo. In their answer, defendants asserted that this action is barred by the entire controversy doctrine.
The plaintiffs in the federal district court action subsequently moved for leave to file a second amended complaint, adding defendants as parties. The district court granted plaintiffs' motion but noted that defendants' joinder would destroy diversity jurisdiction. Plaintiffs then filed a motion for reconsideration, arguing that defendants' joinder would subject the entire complaint to dismissal because the case was originally brought in the district court and thus could not be remanded to state court. However, the district court refused to reconsider the matter, concluding that the amendment was proper even though it would destroy diversity jurisdiction and subject the entire complaint to dismissal. Although the plaintiffs in the federal action filed their second amended complaint, they immediately dismissed the claims against defendants.
Thereafter, defendants filed motions in the Law Division seeking dismissal of the state court action on the ground that it was barred by the entire controversy doctrine or, in the alternative, a stay of proceedings pending a final resolution of the federal action. The trial court denied the motion for a stay but subsequently granted defendants' motion to dismiss the complaint based on the entire controversy doctrine. In deciding the motion to dismiss, the court assumed that defendants' joinder in the federal action would result in a remand of the entire action to state court. Plaintiff filed a motion for reconsideration, pointing out that this assumption was incorrect, which resulted in the court summarily reversing itself and denying defendants' motion to dismiss on the basis of the entire controversy doctrine. The court subsequently filed a statement of reasons which stated in pertinent part:
[I]t now appears that ... the Federal action could not have been transferred to the State court, so in effect joining the defendants in the Federal action would have resulted in a dismissal of the Federal action. A new action could not have been filed in the State court because the statute of limitations would have expired. *298 Therefore, the plaintiff would be without a remedy. Such a result would be unconscionable.
We granted defendants' motion for leave to appeal from the denial of their motions for dismissal and for a stay pending the outcome of the federal action. We affirm the denial of defendants' motion to dismiss, although for different reasons than those expressed by the trial court, and remand for reconsideration of defendants' motion for a stay.
Initially, we note that the trial court failed to cite any authority for its statement that "[a] new action could not have been filed in the State court because the statute of limitations would have expired." Furthermore, plaintiff's appellate brief does not offer any support for this part of the trial court's decision. In response to this court's questions at oral argument, plaintiff acknowledged that most counts of its federal complaint appear to be governed by the six-year limitations period provided by N.J.S.A. 2A:14-1, which has not yet expired. In any event, the limitations period for filing an action in State court may be tolled under some circumstances by the filing of a complaint in federal court that is subsequently dismissed for lack of diversity jurisdiction. Galligan v. Westfield Centre Serv., Inc., 82 N.J. 188, 190, 193-95, 412 A.2d 122 (1980). Therefore, the trial court's denial of defendants' motion to dismiss is not sustainable on the grounds set forth in its statement of reasons.
Nevertheless, we are satisfied that the entire controversy doctrine does not require the dismissal of this action in its present procedural posture. The entire controversy doctrine requires a party to "litigate all aspects of a controversy in a single legal proceeding." Leisure Technology-Northeast, Inc. v. Klingbeil Holding Co., 137 N.J. Super. 353, 357, 349 A.2d 96 (App.Div. 1975). The doctrine's purposes are "(1) the need for complete and final disposition through the avoidance of piecemeal decisions; (2) fairness to parties to the action and those with a material interest in the action; and (3) efficiency and the avoidance of waste and the reduction of delay." DiTrolio v. Antiles, 142 N.J. 253, 267, 662 *299 A.2d 494 (1995). "[T]he application of the doctrine requires that a party who has elected to hold back from the first proceeding a related component of the controversy be barred from thereafter raising it in a subsequent proceeding." William Blanchard Co. v. Beach Concrete Co., Inc., 150 N.J. Super. 277, 292-93, 375 A.2d 675 (App.Div.), certif. denied, 75 N.J. 528, 384 A.2d 507 (1977). Therefore, if a party withholds a constituent claim or fails to join a party and the case is tried to judgment or settled, that party "risks losing the right to bring that claim later." Mystic Isle Dev. Corp. v. Perskie & Nehmad, 142 N.J. 310, 324, 662 A.2d 523 (1995).
However, the entire controversy doctrine only precludes successive suits involving related claims. See Mortgagelinq Corp. v. Commonwealth Land Title Ins. Co., 142 N.J. 336, 343, 662 A.2d 536 (1995). It does not require dismissal when multiple actions involving the same or related claims are pending simultaneously. As we noted in American Home Prods. Corp. v. Adriatic Ins. Co., 286 N.J. Super. 24, 33, 668 A.2d 67 (App.Div. 1995), "[t]he fact that an action pending in another State involves the same parties and the same or substantially similar claims does not bar prosecution of a subsequent action here in New Jersey." Accord Cogen Technologies NJ Venture v. Boyce Eng'g Int'l, Inc., 241 N.J. Super. 268, 272, 574 A.2d 1018 (App.Div.), certif. denied, 122 N.J. 358, 585 A.2d 368 (1990). Although multiple pending actions arising out of the same or related operative facts pose some of the same dangers of fragmented and duplicative litigation that the entire controversy doctrine seeks to address, those dangers do not require the dismissal of the second filed action prior to the conclusion of the first action. Instead, the court rules provide other appropriate means to prevent unfairness to affected parties or an undue burden on the court system. Thus, Rule 4:5-1(b)(2) requires the first pleading of a party to include a certification as to whether the matter is the subject of any other pending action and whether there is any other party who should be joined. Rule 4:5-1(b)(2) further provides that "[t]he court may compel the joinder of parties in appropriate circumstances, either upon its own motion *300 or that of a party." In addition, a party in a related pending action may seek intervention in the newly filed action pursuant to Rule 4:33, consolidation of the cases pursuant to Rule 4:38-1, "or ... whatever other steps may be appropriate to protect [its] interests." Pressler, Current N.J. Court Rules, comment on R. 4:5-1 (1996). Pretrial and case management conferences provide the court with additional opportunities to assure that related cases are processed in a manner which is fair to the parties involved and conserves judicial resources. See Mystic Isle Dev. Corp. v. Perskie & Nehmad, supra, 142 N.J. at 332, 662 A.2d 523 (noting that "[t]he trial court has the discretion to structure the litigation to assure efficient administration, clarity and fairness"); Circle Chevrolet Co. v. Giordano, Halleran & Ciesla, 142 N.J. 280, 293, 662 A.2d 509 (1995) (noting that "various procedural tools are available to the trial court to prevent excessively complicated or unfair litigation").
Although efficient judicial management may be more complex when a related case is pending in a federal court or in the court of another state, our courts also have appropriate means to address those situations. For example, "the New Jersey action may, as a matter of sound discretion, be stayed by our courts until the prior action has been adjudicated." American Home Prods. v. Adriatic Ins., supra, 286 N.J. Super. at 33, 668 A.2d 67; accord Devlin v. National Broadcasting Co., 47 N.J. 126, 131, 219 A.2d 523 (1966). In fact, where it would be inappropriate for both cases to proceed simultaneously, "the general rule [is] that the court which first acquires jurisdiction has precedence in the absence of special equities." Yancoskie v. Delaware River Port Auth., 78 N.J. 321, 324, 395 A.2d 192 (1978); see also Interstate Wrecking Co. v. Palisades Interstate Park Comm'n, 57 N.J. 342, 350-53, 273 A.2d 10 (1971). In addition, in appropriate circumstances our courts may restrain a litigant from prosecuting an action in a foreign jurisdiction. Applestein v. United Bd. & Carton Corp., 35 N.J. 343, 349-50, 173 A.2d 225 (1961); American Employers' Ins. Co. v. Elf Atochem N. Am., Inc., 280 N.J. Super. 601, 609-11, 656 *301 A.2d 58 (App.Div. 1995). There also may be circumstances in which related actions should be allowed to proceed simultaneously. See Gosschalk v. Gosschalk, 48 N.J. Super. 566, 579, 138 A.2d 774 (App.Div.), aff'd o.b., 28 N.J. 73, 145 A.2d 327 (1958) ("[T]here is no compulsory duty resting on a trial court requiring it to stay a proceeding pending before it on account of the pendency in another jurisdiction of an action previously instituted by or between the same parties and on the same cause of action"). Thus, the determination whether to stay an action that is related to an action pending in another jurisdiction involves a careful weighing of the interests of the parties as well as the court's interest in conserving its resources. Therefore, the trial court should reconsider defendants' motion for a stay of proceedings based on an evaluation of these interests.
Accordingly, we affirm the denial of defendants' motion to dismiss. We remand to the trial court to reconsider the denial of defendants' motion for a stay. We express no opinion as to whether the entire controversy doctrine may bar subsequent litigation once either the federal or the state action is concluded.[1] Jurisdiction is not retained.
NOTES
[1] We note that the ultimate applicability of the entire controversy doctrine may turn on the future course of the state and federal actions, including which action is concluded first and whether any parties who were not joined in the first concluded action were subject to joinder therein. See Mortgagelinq Corp. v. Commonwealth Land Title Ins. Co., supra, 142 N.J. at 347 n. 4, 662 A.2d 536; Milone v. Nissan Motor Corp., 250 N.J. Super. 371, 375-77, 594 A.2d 642 (App. Div. 1991); Miller v. Scari, 289 N.J. Super. 482, 674 A.2d 210 (Law Div. 1996).