**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4557-17T3

GAR DISABILITY ADVOCATES,
LLC,

      Plaintiff-Appellant,

v.

LORNA ORAK and THE PEOPLE'S
DISABILITY ADVOCATES OF
AMERICA, LLC,

      Defendants-Respondents.

_____

Submitted March 12, 2019 – Decided August 6, 2019

Before Judges Rothstadt and Gilson.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-7987-17.

Tamra A. Jones, attorney for appellant.

Respondents have not filed briefs.

PER CURIAM

Plaintiff GAR Disability Advocates LLC appeals from the Law Division's April 27, 2018 order dismissing its complaint with prejudice for failure to join necessary parties, Rule 4:28-1, and for violating the Entire Controversy Doctrine, Rule 4:30A. The complaint alleged plaintiff's direct competitor, defendant, The People's Disability Advocates of America, LLC (People's) and its attorney, Lorna Orak, wrongfully used plaintiff's confidential client list that they obtained from plaintiff's former employees, Miranda Deem and Erica Dougherty. The motion judge dismissed the complaint because plaintiff failed to join Deem and Dougherty in this action and because plaintiff's pending federal court action against People's was voluntarily dismissed due to a lack of jurisdiction. We reverse and remand as we conclude that the dismissal of the federal court action did not trigger the bar of the Entire Controversy Doctrine and that the motion judge failed to conduct the proper analysis for determining whether Deem and Dougherty were indispensable parties to this action.

I.

Plaintiff is a Delaware limited liability company with its primary place of business in New Jersey. Its business involves assisting clients with applying for and receiving government benefits. Plaintiff also maintained satellite offices in Kentucky and West Virginia that were ultimately closed, resulting in the

A-4557-17T3

termination of all employees in those offices. Deem and Dougherty were employed by plaintiff in those offices.

People's is a New Jersey limited liability company based in Paramus. It maintains a satellite office in Kentucky. Orak is an attorney and employee of People's.

According to plaintiff, while it employed Deem and Dougherty, they were provided with company property as well as access to confidential information, including client lists. Both individuals received company handbooks and codes of conduct that prohibited them from directly or indirectly disclosing confidential information to a third party after being terminated from their employment. After plaintiff terminated Dougherty in 2016 and Deem in 2017, it learned that its clients were being diverted to People's after being contacted by People's representatives, including Deem and Dougherty.

On June 29, 2017, plaintiff filed a complaint in the United States District Court for the District of New Jersey seeking an injunction against People's, Deem, Dougherty, and other terminated employees. Plaintiff's complaint against People's alleged conversion and tortious interference with existing business relationships. It sought damages and demanded immediate and permanent injunctive relief. Prior to filing its answer, People's argued it was

not subject to the court's jurisdiction and demanded to be dismissed. Plaintiff stipulated to the dismissal without any determination about the merits of its claim.

Plaintiff then filed this action on November 22, 2017, against Orak and People's. In its new complaint, plaintiff disclosed the continuing federal case against Deem and Dougherty.[1] Plaintiff's complaint demanded injunctive and other relief. It alleged conversion, tortious interference with existing business relationships, misappropriation of trade secrets and confidential information, and unfair competition. According to its complaint, plaintiff suffered harm as a result of People's knowing use of plaintiff's company property and defendants' acquiescence and participation in Deem's and Dougherty's dissemination and misuse of its confidential information, including trade secrets, to persuade plaintiff's clients to terminate their relationship with plaintiff and to use People's services.

---

[1] A search of the federal court's Public Access to Court Electronic Records (PACER) systems reveals that the federal case against Deem, Dougherty, and others was transferred on May 23, 2018 from the District of New Jersey to the Eastern District of Kentucky. See GAR Disability Advocates, LLC v. Deem et al., No. 0:18-cv-00063-HRW (E.D.Ky. 2018). In May 2019, the parties to that action stipulated to its dismissal with prejudice. Orak was never a party to that action.

A-4557-17T3

On April 11, 2018, defendants filed their motion to dismiss plaintiff's complaint for failure to join necessary parties under Rule 4:28-1, and plaintiff's alleged violation of the Entire Controversy Doctrine under Rule 4:30A. Defendants argued that all of the claims alleged against them should have been brought in one action and that the federal litigation would be determinative of what would happen in this action. They contended this action could not continue because of the lack of access to Deem and Dougherty, whom plaintiff failed to join, and they could not implead the two in this action because there was a "jurisdictional difficulty," as neither lived nor worked in New Jersey and their actions presumably took place in Kentucky and West Virginia. It maintained that the proper venue would have been in one or both of those two state courts.

In opposition, plaintiff argued that its action was not barred by the Entire Controversy Doctrine. It pointed out that its complaint disclosed the existence of the pending federal lawsuit against Deem and Dougherty. Plaintiff asserted that "this [was] . . . a situation of [d]efendant[s'] making" as the only reason defendants were not parties in that action was because People's would not agree to the federal court's jurisdiction. It also contended that its voluntary dismissal of People's from that action did not give rise to an adjudication on the merits in

federal court, especially because defendants were not parties to that action and knew there was going to be another action filed in state court.

As to joinder, plaintiff argued there were "less drastic remedies . . . available" to defendants in this action than dismissal, such as defendants impleading Deem and Dougherty. It added that it was unfounded for defendants to say they did not have a connection to the individuals merely because the two were employed by People's in different states.

The parties appeared for oral argument on April 27, 2018. After considering the parties' arguments, the motion judge granted defendants' motion and dismissed plaintiff's complaint with prejudice. In a statement of reasons attached to the order, the judge concluded by citing to <u>Gross v. Cohen DuFour & Assocs.</u>, 273 N.J. Super. 617, 622 (Law Div. 1993) and quoting from our opinion in <u>J-M Mfg. Co., v. Phillips & Cohen, LLP</u>, 443 N.J. Super. 447 (App. Div. 2015). He stated the following:

> In the present matter, Deem and Dougherty are [pled] as the initiating primary bad actors which gave rise to any alleged liability on the part of [d]efendants. As such, Deem and Dougherty are indispensable parties to the singular controversy which is currently fragmented here and in the [f]ederal [c]ourt. Application of the party [joinder] rule and the Entire Controversy Doctrine require the non-parties to be joined, or alternatively, for the [c]omplaint to be dismissed.

A-4557-17T3

. . . .

> "The general rule is that the court which first acquires jurisdiction has precedence in the absence of special equities." [J-M Mfg. Co., Inc., 443 N.J. Super. at 459]. The instant litigation would cause fragmented adjudication of claims and deprive the interested parties of fairness. Instead of commencing and pursuing [p]laintiff's claims in a proper forum which exercises jurisdiction over all parties, [p]laintiff is seeking fragmented litigation. Plaintiff further argues that [d]efendants should simply join the non-parties to the litigation, however neither party, Deem or Dougherty, have sufficient ties to New Jersey. Plaintiff has attempted to shift this burden to [d]efendants.

This appeal followed.

## II.

We turn first to plaintiff's contentions about the motion judge's application of the Entire Controversy Doctrine. Plaintiff argues that the dismissal of its federal court action without any adjudication on the merits did not bar it from proceeding in state court, especially because Orak was never a party to the federal action. Moreover, there was never an adjudication on the merits and plaintiff fully complied with the requirements of Rule 4:30A by disclosing the federal action in which Deem and Dougherty remained as defendants that was voluntarily dismissed against People's. We agree.

A-4557-17T3

The determination of whether to apply the Entire Controversy Doctrine to bar a successive claim rests within the discretion of the trial court. Mystic Isle Dev. Corp. v. Perskie & Nehmad, 142 N.J. 310, 323 (1995). However, its application turns on consideration of what is fair and equitable to all parties under the circumstances presented. Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, PC, 237 N.J. 91, 99 (2019).

The doctrine "seeks to impel litigants to consolidate their claims arising from a single controversy whenever possible." Id. at 98 (quoting Thornton v. Potamkin Chevrolet, 94 N.J. 1, 5 (1983)). It "requires that a party 'litigate all aspects of a controversy in a single legal proceeding.'" J-M Mfg. Co., Inc., 443 N.J. Super at 454 (quoting Kaselaan & D'Angelo Assocs., Inc. v. Soffian, 290 N.J. Super. 293, 298 (App. Div. 1996)). It "embodies the principle that the adjudication of a legal controversy should occur in one litigation in only one court." Dimitrakopoulos, 237 N.J. at 108 (quoting Cogdell ex rel Cogdell v. Hosp. Ctr. at Orange, 116 N.J. 7, 15 (1989)). The doctrine stems from the "long-held preference that related claims and matters arising among related parties be adjudicated together rather than in separate, successive, fragmented, or piecemeal litigation." Kent Motor Cars, Inc. v. Reynolds & Reynolds, Co., 207 N.J. 428, 443 (2011).

"A series of court rules implement the entire controversy doctrine in our courts." Dimitrakopoulos, 237 N.J. at 109. See also R. 4:30A; R. 4:5-1(b)(2). "Rule 4:30A requires joinder of claims but grants authority to a trial judge to create a safe harbor in an appropriate case. Similarly, Rule 4:5-1(b)(2) requires that names of potentially liable or relevant parties be disclosed . . . , leaving . . . the decision about whether to join them or not" to the court. Kent Motor Cars Inc., 207 N.J. at 445. In general, they require that a party assert all claims arising from the same transactional facts in a single lawsuit, including defenses, counterclaims, and cross-claims or be barred from later asserting them in a successive action. See Mystic Isle, 142 N.J. at 322-23. However, a party "may avoid the entire controversy doctrine by demonstrating that the prior forum did not afford 'a fair and reasonable opportunity to have fully litigated' . . . [its] claim." Dimitrakopoulos, 237 N.J. at 99 (quoting Gelber v. Zito P'ship, 147 N.J. 561, 565 (1997)); see also Hobart Bros. Co. v. Nat'l Union Fire Ins. Co., 354 N.J. Super. 229, 241 (App. Div. 2002).

Dismissal under the applicable Rules "relates to the preclusion 'of a successive action' that is appropriate only if 'the failure of compliance was inexcusable and the right of the undisclosed party to defend the successive action has been substantially prejudiced by not having been identified in the

prior action.'" Alpha Beauty Distribs., Inc. v. Winn-Dixie Stores, Inc., 425 N.J. Super. 94, 101 (App. Div. 2012) (quoting R. 4:5-1(b)(2)). "Dismissal is a sanction of last resort." 700 Highway 33 LLC v. Pollio, 421 N.J. Super. 231, 237 (App. Div. 2011) (citing Kent Motor Cars, 207 N.J. at 453-54). In determining whether a successive suit arises from the same transaction of a previous suit, "it is the factual circumstances giving rise to the controversy itself, rather than a commonality of claims, issues or parties, that triggers the requirement of joinder to create a cohesive and complete litigation." Mystic Isle, 142 N.J. at 323; see also DiTrolio v. Antiles, 142 N.J. 253, 271 (1995) ("[t]he entire controversy doctrine does not require commonality of legal issues").

The entire controversy doctrine does not apply to preclude a successive action if the previous action did not result in an adjudication on the merits. Arena v. Borough of Jamesburg, Middlesex Cty., 309 N.J. Super. 106, 110-11 (App. Div. 1998). The voluntary dismissal of a federal court action does not preclude a state court claim against the same defendant because there has been no adjudication on the merits. When a federal case is dismissed on jurisdictional grounds, a "second state court action will likely be permitted to be maintained. But, . . . when a federal suit is adjudicated on its merits, then the potential arises

for a dismissal of the second suit on entire controversy grounds." Archbrook Laguna, LLC v. Marsh, 414 N.J. Super. 97, 108 (App. Div. 2010). For that reason, where the federal action has been dismissed without an adjudication of the merits, the dismissal of a state court action is not required even though the federal action is concurrently pending, even if both cases are based in the same facts and it would be appropriate for both cases to proceed simultaneously. See Kaselaan, 290 N.J. Super. at 298-300.

The doctrine no longer applies to the mandatory joinder of parties, as opposed to issues. "[M]andatory party joinder under the entire controversy doctrine has been eliminated, and preclusion of a successive action against a . . . . [non-party] to the first action has been abrogated except in special situations involving both inexcusable conduct . . . and substantial prejudice to the non-party resulting from the omission from the first suit." Hobart Bros. Co., 354 N.J. Super. at 242 (quoting Pressler, Current N.J. Court Rules, cmt. 1 on R. 4:30A (2002)).

Applying these guiding principles here, we conclude the motion judge incorrectly relied upon the doctrine. In doing so, the judge cited to Gross, a Law Division case, where the trial court concluded "there can be little doubt that plaintiffs have violated the principles of law as established in this state in that

11

the entire controversy doctrine appropriately includes the mandatory joinder of parties." Gross, 273 N.J. Super. at 624. As already noted, since Gross was decided, the doctrine was amended to exclude mandatory joinder of parties. Mitchell v. Charles P. Procini, D.D.S., P.A., 331 N.J. Super. 445, 452-53 (App. Div. 2000). Moreover, in Gross, the trial court concluded that plaintiff "unfairly withheld from the Federal Action" the defendants in that case who remained subject to the federal court's "supplemental jurisdiction over the state cause of action," and therefore could still be joined in federal court. Gross, 273 N.J. Super. at 630.

Here, unlike defendants in Gross, People's was voluntarily dismissed from the federal action because of a lack of diversity. There was no longer any federal jurisdiction over defendants as jurisdiction over plaintiff's claim was based only upon federal diversity jurisdiction.

We also conclude the motion judge's reliance on our opinion in J-M Mfg. Co. was inapposite. In that case, the defendant previously filed a qui tam action in California alleging that the plaintiff was defrauding its government purchasers. J-M Mfg., Co., 443 N.J. Super. at 451. Following a trial, a federal jury returned a verdict against the plaintiff and it filed a complaint in New Jersey alleging, amongst other things, tortious interference and wrongful removal and

12

copying of proprietary information by the defendant. Id. at 452. The trial judge in the New Jersey action found that under federal and California law, the plaintiff's claims should have been raised in the California qui tam proceeding as they were compulsory counterclaims and that the New Jersey litigation was barred under the entire controversy doctrine. Id. at 452. On appeal, we affirmed, finding that plaintiff would be unfairly advantaged by pursuing the New Jersey action. Id. 456-57. We noted that the claims in the New Jersey complaint arose out of the same transaction as the California qui tam action. Id. at 457-58.

Here, there was no prior action in which plaintiff could have asserted its claims against defendants. As noted, the federal action was dismissed because of jurisdictional issues, not an adjudication on the merits. For jurisdictional reasons, plaintiff had to pursue two different actions against defendants and the individuals.

Moreover, plaintiff's claims against defendants are separate from those alleged against Deem and Dougherty, even though the facts were related. Regardless of a determination in this action as to defendant's liability, it could not have impacted a federal court's determination of plaintiff's claims against the two individuals as it could have no preclusive effect because Deem and Dougherty were never parties to this action. Had plaintiff attempted to join

those two individuals to this state court action, while the federal action was pending or now after its apparent dismissal with prejudice, the Entire Controversy Doctrine would certainly have been triggered.

Also, there is no evidence that plaintiff filed this action to engage in "the kind of deliberate manipulation and forum shopping that the entire controversy doctrine is intended to avoid." Id. at 460. Rather, plaintiff has fully complied with the purposes of the doctrine and the corresponding rules. It tried to bring all claims in one action and it disclosed the federal action in its complaint filed in this action. For these reasons, we conclude the motion judge's reliance on the doctrine was a mistaken exercise of his discretion.

III.

Next, we address the dismissal of plaintiff's complaint for failure to join Deem and Dougherty, who the motion judge determined were indispensable parties to this action. Here, too, we conclude the judge was mistaken.

Rule 4:28-1 addresses whether a party should or must be joined and states, in pertinent part:

> (a) Persons to Be Joined if Feasible. A person who is subject to service of process shall be joined as a party to the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest in the subject of the action and is so situated that the disposition of the

14

action in the person's absence may either (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or other inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant.

(b) Disposition by Court if Joinder Not Feasible. If a person should be joined pursuant to R. 4:28-1(a) but cannot be served with process, the court shall determine whether it is appropriate for the action to proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, the extent to which a judgment rendered in the person's absence might be prejudicial to that person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Whether a party is indispensable is a fact-sensitive issue. Allen B. DuMont Labs., Inc. v. Marcalus Mfg. Co., 30 N.J. 290, 298 (1959). "As a general proposition . . . a party is not truly indispensable unless he [or she] has an interest inevitably involved in the subject matter before the court and a judgment cannot justly be made between the litigants without either adjudging

15

or necessarily affecting the absentee's interest." Ibid. Accord Cogdell, 116 N.J. at 18. Typically, a party is "truly indispensable . . . [if] he [or she] has an interest inevitably involved in the subject matter before the court and a judgment cannot justly be made between the litigants without either adjudging or necessarily affecting the absentee's interest." Chubb Custom Ins. Co. v. Prudential Ins. Co. of Am., 394 N.J. Super. 71, 82 (App. Div. 2007) (quoting Jennings v. M&M Transp. Co., 104 N.J. Super. 265, 272 (Ch. Div. 1969)).

However, the "absence of an indispensable party does not deprive the court of jurisdiction to adjudicate the issues among the parties who were joined." Toll Bros., Inc. v. Twp. of W. Windsor, 334 N.J. Super. 77, 91 (App. Div. 2000). See also Raynor v. Raynor, 319 N.J. Super. 591, 602 (App. Div. 1999); Ross v. Ross, 308 N.J. Super. 132, 143-44 (App. Div. 1998) (finding no error where the trial court adjudicated a matter involving survivor benefits in the absence of joinder of a party claiming an interest in the subject of the action). As we have explained,

> [e]ven if the court is mistaken in its decision to proceed in the absence of an interested person, it does not by that token deprive itself of the power to adjudicate as between the parties already before it through proper service of process. But the court can make a legally binding adjudication only between the parties actually joined in the action. It is true that an adjudication between the parties before the court may on occasion

16

> adversely affect the absent person as a practical matter, or leave a party exposed to a later inconsistent recovery by the absent person. These are factors which should be considered in deciding whether the action should proceed, or should rather be dismissed; <u>but they do not themselves negate the court's power to adjudicate as between the parties who have been joined</u>.
>
> [<u>Raynor</u>, 319 N.J. Super. at 602 (emphasis in original) (quoting Pressler, <u>Current N.J. Court Rules</u>, cmt. 1 on <u>R.</u>, 4:28-1).]

If a non-party should be joined but cannot be served with process, the court must determine whether the action may proceed in the non-party's absence or whether the non-party is indispensable such that the matter must be dismissed. <u>See</u> <u>R.</u> 4:28-1(b). Factors that must be considered in evaluating whether a non-party is indispensable to the just adjudication of the matter include: (1) the extent to which a judgment rendered may prejudice the current parties as well as the person who should be joined; (2) the extent to which relief may be shaped so as to avoid such prejudice; (3) whether a judgment rendered in the person's absence could provide adequate relief; and (4) whether plaintiff will have "an adequate remedy if the action is dismissed for nonjoinder." <u>R.</u> 4:28-1(b).

Here, it appears that that there was no dispute that Deem and Dougherty could not be served with process in New Jersey. Yet, the motion judge did not conduct the analysis of whether Deem or Dougherty must be joined in this action

17

as indispensable parties as required by <u>Rule</u> 4:28-1. Rather, he merely relied upon their role as alleged bad actors who were integral to plaintiff's claim that defendants caused it harm through their actions and that there would be two litigations proceeding simultaneously. While the claim that Deem and Dougherty acted improperly ran through both the federal action and this one, it was not determinative of whether this action could proceed or if in fact, regardless of the two individuals' conduct, defendants were liable to plaintiff.

Because it was not feasible to join Deem and Dougherty, the motion judge should have conducted an analysis under subsection (b) to determine whether they were indispensable. For that reason, we are constrained to vacate the order dismissing plaintiff's complaint and to remand the matter for reconsideration under <u>Rule</u> 4:28-1(b).

The order under appeal is reversed to the extent it arose from the application of the Entire Controversy Doctrine, and vacated and remanded for further proceedings under <u>Rule</u> 4:28-1(b) consistent with our opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4557-17T3