## MILLS vs. MILLS.*

1. A general charge that the wife is an adulteress, is not sufficient to support a bill for divorce. The adultery must be designated, either by the name of the adulterer, or by circumstances, and the time when, and place where, it was committed.

2. Where the charge is of adultery with *divers* persons, whose names were unknown, and the only proof is of adultery with one person, who was well known to the complainant, the variance is fatal.

3. Bill dismissed, without prejudice to filing a new bill for adultery with the person against whom the crime was proved.

* CITED *in Reid* v. *Reid*, 6 *C. E. Gr.* 333 ; *Black* v. *Black*, 11 *C. E. Gr.* 432.

*Mr. Gage,* for complainant.

THE CHANCELLOR.

In this case, the only adultery charged, is that with divers persons unknown to the complainant. Apart from the proof, no divorce can be granted on such bill. The adultery charged, must be designated either by the name of the adulterer, or by circumstances, and the time when, and place where, it was committed. Charging a woman with being an adulteress generally, is not sufficient. *Marsh* v. *Marsh* 1 *C. E. Green* 391.

If this objection to the pleading had no foundation, the proof fails. The charge is of adultery with *divers* persons, whose names were unknown. The proof, and only proof, is of adultery with one Joshua H. Butterworth, whose person and name were well known to the complainant, as appears by the evidence.

The bill must be dismissed, without prejudice as to filing a new bill for adultery with Joshua H. Butterworth.