13 N.J. Super. 373 (1951)
80 A.2d 469
THERESA J. CABIBO, PLAINTIFF,
v.
LAWRENCE J. CABIBO, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided April 20, 1951.
*374 Miss Florence F. Forgotson, attorney for plaintiff.
Mr. Alfred M. Cozzi, attorney for defendant.
McLEAN, J.S.C.
This is a motion for change of venue. The action was brought in Monmouth County. The motion is for removal to Hudson. The action is for absolute divorce on the ground of extreme cruelty. The parties were married January 27, 1946, and resided in West New York, Hudson County, until their separation in January or February of 1950, when plaintiff went to live in Monmouth County. Defendant has continued to reside in West New York. It would appear that if the plaintiff has a cause of action based on extreme cruelty it must have arisen prior to the separation and while she resided with her husband in Hudson County. The pleadings fail to show anything to the contrary.
Rule 3:83 provides: "In matrimonial actions, unless the court otherwise orders, the venue shall be laid in the county where plaintiff was domiciled when the cause of action arose." The rules have been carefully designed. Their purpose is to render the civil practice just and simple and to prevent unjustifiable expense and delay. Comment to remind the experienced practitioner how these purposes may be defeated by evils attendant upon a system which would permit a litigant to choose his own forum is unnecessary, and it must be conceded that the purpose of the rules will be best served by adhering to expressed provisions and not departing therefrom except for considerations of the utmost importance.
In the instant case, plaintiff justifies bringing the action in Monmouth and resists removal to Hudson on the ground that witnesses residing in Monmouth would be inconvenienced if required to go to Hudson and that she is without funds for additional expense and would have to ask the court to direct the defendant to pay such costs if she is obliged to *375 go to Hudson County. These matters are not of sufficient importance to justify the prosecution of this cause elsewhere than in the county where the cause of action arose, which, as indicated above, appears to be Hudson County. The inconvenience of witnesses is not considered under Rule 3:83; such matters may be overcome by the rules providing for depositions. And the practice of providing an injured wife with sufficient means to prosecute her cause is available pendente lite.
The motion will be granted and an order entered changing the venue to Hudson County.