33 N.J. Super. 602 (1955)
111 A.2d 318
ANNE NASHMAN, PLAINTIFF-RESPONDENT,
v.
CLARENCE D. NASHMAN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 10, 1955.
Decided January 24, 1955.
*603 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. James A. Breslin argued the cause for the respondent.
Mr. William Krueger argued the cause for the appellant (Messrs. Parnell and Krueger, attorneys).
*604 The opinion of the court was delivered by FRANCIS, J.A.D.
In this separate maintenance action the husband seeks a review of the pendente lite allowance of maintenance, suit moneys and counsel fees.
The parties were married on April 18, 1949, it being the second marriage for each of them. They were along in years at the time; she was 67 and he 64 years of age when the suit was brought.
They lived together until February 13, 1953, at which time the wife left the husband. And to quote her counsel's concession, "there appears to have been no justifiable cause" therefor. On leaving, she took with her $1,500 from a bank account which the husband had established in both names but with his money. He asserted in his affidavit that it was his money and her affidavit does not dispute the statement.
In June 1953 the husband sued the wife for divorce in Florida, charging extreme cruelty. She engaged counsel there and filed an answer denying the charge, whereupon he withdrew the action.
The residence of the parties seems to have been in New Jersey, and apparently after the Florida divorce skirmish they continued to live here. On December 18, 1953, the defendant says in his affidavit that in order to avoid unpleasantness he agreed to pay his wife $20 weekly and he paid this sum regularly thereafter until the incident about to be described.
Nashman filed a joint income tax return for the year 1953. All of the income reported therein represented his earnings and the tax was paid by him. However, he made an overpayment and a refund in the amount of $215.84 was sent to him by the Government in the form of a check dated April 15, 1954, drawn to himself and his wife. He endorsed the check, added a money order for $4.16 and sent both to her, stating in his letter that the total sum of $220 was to pay the support of $20 weekly for 11 weeks in advance. On May 17, 1954, without explanation, she returned the check unendorsed and the money order, saying through her attorney *605 that she "will expect her regular weekly payments of $20 for her support and maintenance as heretofore." According to the husband's affidavit, he has been unable to cash the refund check since then. Upon this happening, Nashman ceased paying the $20 weekly and on July 23, 1954 his wife signed the affidavit attached to the complaint in this proceeding. If she had cashed the check and money order, his payments would have been current at that time.
The theory of the wife's suit is that even though she left her spouse without justifiable cause, when he began to pay her $20 weekly about ten months thereafter, his action constituted a consent in law to the separation. The result of this implied consent, she claims, was to impose the duty of support upon him and when he ceased paying her under the circumstances stated, he became guilty of abandonment and failure of support within the contemplation of the statute. N.J.S. 2A:34-24 (formerly R.S. 2:50-39).
A wife's duty is to live with her husband and to give him her society, companionship and services. If she leaves him she does so at her peril, for that conduct is justified only when he is guilty of a matrimonial offense such as would constitute ground for divorce. O'Brien v. O'Brien, 103 N.J. Eq. 214 (Ch. 1928), affirmed 105 N.J. Eq. 250 (E. & A. 1929); 10 N.J. Practice (Herr, Marriage, Divorce and Separation), § 312 (1950). A departure by a wife unsupported in this way deprives her of any right to support. Turney v. Nooney, 21 N.J. Super. 522, 526 (App. Div. 1952); Danzi v. Danzi, 142 N.J. Eq. 662 (E. & A. 1948); O'Brien v. O'Brien, supra; Suydam v. Suydam, 79 N.J. Eq. 144 (Ch. 1911).
It is true, however, that when a wife separates from her husband with his consent or at his suggestion his duty to support her continues. Armour v. Armour, 135 N.J. Eq. 47, 52 (E. & A. 1944). The wife here takes hold of this principle and says that even though she left her husband, his act ten months thereafter in agreeing to pay $20 weekly for her support, of itself and without any other proof of the *606 attending circumstances establishes his consent to her unlawful conduct in leaving him and validates it. And so she maintains that upon the cessation of payments, which was precipitated by her rather arbitrary rejection of the means he gave her of receiving 11 weekly payments in advance, she became the victim of an abandonment and a failure to support.
There is no suggestion in the wife's moving papers that there was the slightest legal justification for her act in leaving her husband or in remaining away from him. Nor is there the slightest suggestion that she is interested in a reconciliation or that she is willing to return to him and discharge her duty as a wife or that anything in his conduct toward her or his statements to her since her departure from his home stands in the way of a resumption of cohabitation. The slender reed upon which she rests her case is the weekly payment agreement made long after her apparent desertion, the only explanation for which is the husband's assertion that it was done to avoid unpleasantness.
In the original affidavit of the wife, in aid of her application for support pendente lite, she said she was "destitute of means to support myself and to prosecute my said action in this court," although the complaint recited that she had approximately $5,000 in a savings account. Then in an answering affidavit she conceded that she had approximately $6,000 in her savings account. Moreover, in this latter affidavit she admitted having taken the $1,500 out of her husband's savings account when she left him and said that she had expended it for her maintenance. It may be noted in this connection that on the facts appearing in the record here, she was not entitled to support after her unjustified departure. Turney v. Nooney, supra; O'Brien v. O'Brien, supra. Whether she has any case now depends upon her ability to prove later occurring circumstances which transformed her abandonment of the marital status into an abandonment by her husband of the type contemplated by the statute as a basis for a support order.
*607 Courts should not through the medium of maintenance pendente lite encourage an abandonment of one spouse by another. O'Brien v. O'Brien, supra, 103 N.J. Eq. at page 224. Here preliminary allowances of $25 weekly, suit moneys and counsel fees were made. In our judgment in view of the nature of the case presented by the wife and her own financial position, these issues should have been reserved for final hearing.
The order is reversed.