46 N.J. Super. 101 (1957)
134 A.2d 14
IRMA H. CHRISTIANSEN, PLAINTIFF-RESPONDENT,
v.
CLARENCE L. CHRISTIANSEN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 20, 1957.
Decided July 22, 1957.
*103 Before Judges CLAPP, FRANCIS and STANTON.
Mr. Eugene J. Kirk argued the cause for the respondent.
Mr. Benjamin M. Ratner argued the cause for the appellant.
The opinion of the court was delivered by FRANCIS, J.A.D.
The defendant husband appeals from a judgment awarding his wife separate maintenance.
Some history is necessary in order to present the issues to be considered.
The parties were married on October 4, 1951. Disharmony arose very quickly and on March 8, 1952 they separated physically, although remaining in the same household. On October 14, 1952 the wife sued for separate maintenance alleging refusal on the part of the husband to cohabit with her since on or about March 8, 1952, and a failure to support beginning about June 1, 1952. They were still occupying the same house at this time. The complaint is somewhat inartistically drawn. The thrust of its single count seems to have been to present a case of simple abandonment under the statute, N.J.S.A. 2A:34-24. However, contained therein were a number of allegations respecting a course of cruelty pursued by the husband down to its filing date. They seem to have been set out in passing and as incidents *104 of the married life because there was no assertion of any claim of constructive abandonment arising from extreme cruelty. A further example of this running account of the marital troubles appears in the charges relating to failure of support. Although the paragraph charging the statutory abandonment alleges a failure to support adequately as of June 1, 1952, a later paragraph asserts that between June 1 and September 1, 1952 the husband gave the wife $25 per week (a lower amount than had been given previously) and that after about September 15 he gave her no support at all. Such a complaint necessarily caused difficulties for the trial court in pinpointing the exact cause of action relied upon.
In this connection it may be noted that the defendant's answer admitted a refusal to cohabit with plaintiff after March 8, 1952, and alleged as the reason therefor his discovery that her previous divorce was fraudulently obtained, which made his marriage to her a nullity. Moreover, he admitted also in this pleading that for the same reason he had ceased supporting her after the middle of September 1952. In furtherance of these charges an original and amended counterclaim was filed, seeking in one count a divorce on the ground of plaintiff's extreme cruelty and in a second count an annulment because of plaintiff's alleged incapacity to contract the marriage. Incidentally this counterclaim alleged that on account of plaintiff's extreme cruelty he was compelled to separate himself from her on March 8, 1952.
The pretrial order described the plaintiff's action as a simple abandonment and failure to support, the former state arising "in March 1952" and the latter "commencing September 1952."
The action was tried on several days in the latter part of 1953 and in 1954, final judgment being entered on November 15, 1954. Prior to the inception of the trial complete separation of the parties had occurred, the plaintiff having left the marital home on November 21, 1952.
It is not entirely clear from the record of this trial just what use plaintiff intended to make of the charges of cruelty *105  whether the intention was to submit the proof simply as a circumstance or condition tending to corroborate an ordinary statutory abandonment, or whether an incidental motive was to establish also a constructive abandonment based upon extreme cruelty. In any event, although the husband's course of conduct throughout the marriage and down to the wife's departure in November 1952 was shown, the trial court confined the abandonment issue to the date alleged, namely, March 8, 1952. The proof showed a cessation of marital relations as of that time, but it appeared that defendant was physically incapable of engaging in such function because of an infection from which he was suffering. The court felt that under the circumstances the defendant's failure to do so did not constitute abandonment in the statutory sense. So, without passing upon the other element of the cause of action, i.e., failure of support, and confining himself to the single date of March 8, he found no abandonment as of that date.
The oral opinion and the judgment are important because they make it plain that the adverse result was predicated entirely upon the conclusion that one of the two elements necessary to a cause of action for separate maintenance, that is, an abandonment as of March 8, had not been proved. The court was careful to say:
"Judgment may be entered dismissing the complaint for separate maintenance with prejudice insofar as it charges an abandonment by defendant on or about March 8, 1952."
And:
"As to the other allegations in the complaint, particularly those relating to the attitude and conduct of the defendant toward the plaintiff between March 8, 1952 and October 14, 1952, the date of filing of the complaint, the complaint is dismissed without prejudice."
The defendant's counterclaim was dismissed with prejudice.
It is obvious that the intention was to limit the decision to the cause of action predicated upon the alleged March 8 *106 abandonment. This becomes crystal clear from an examination of the colloquy at the end of the trial between court and counsel and the ruling on an application to amend the complaint to charge an abandonment as of September 15, 1952. The motion was denied even though the court expressed the opinion that the amendment was advisable because of the extensive proof in the case covering the entire period down to November 21, 1952. But he felt that R.R. 4:95-4(a) barred it. This rule provides that:
"* * * [A]n amendment to the complaint * * * may be allowed to set forth a cause of action which has arisen or become known since the filing of the original complaint * * *."
Pointing out that the cause of action based upon a September 15, 1952 date was known to plaintiff and in existence on October 14, 1952 when the complaint was filed, he declared that the rule limited his authority to amend to cases where the cause of action arose or became known subsequent to the institution of the litigation. So being sympathetic to plaintiff's position but considering himself unable to aid because of the rule, he was careful to limit his disposition of the matter to the date in the complaint and to preserve any other cause of action she might have.
At this point some discussion of R.R. 4:95-4(a) seems advisable. The restrictive force attributed to it is not sound as reference to its evolution will demonstrate. R.R. 4:93-1 directs that the rules governing civil actions generally shall apply to matrimonial actions unless otherwise provided in R.R. 4:93 to 4:98 inclusive (the matrimonial actions rules). The ordinary rules of civil practice direct that leave to amend pleadings shall be freely given when justice requires. R.R. 4:15-1. When issues not raised by the pleadings and pretrial order are tried without objection, they are to be treated as if included therein. And such amendments as may be necessary to cause them to conform to the evidence and to raise the issues may be made upon motion of any party at any time, even after judgment. Also, *107 if objection is made to the admission of evidence "on the ground that it is not within the issues made by the pleadings and pretrial order," the court may allow such amendments as are necessary. The relief is to be granted freely to accomplish the presentation of the merits unless the objecting party satisfies the court that he would suffer prejudice in the prosecution of his case. And in the court's discretion a continuance may be granted in such cases to enable the objecting party to meet such evidence. R.R. 4:15-2. Thus in the present case, aside from the influence of R.R. 4:95-4(a) to be discussed presently, having in mind the broad allegations of the complaint and pretrial order, both of which mention the September date, and the extensive proof, a grant of the application to amend clearly would seem to have been justified. But does R.R. 4:95-4(a) operate as a limitation on this broad power?
The purpose of R.R. 4:95-4(a) is clearly indicated by the tentative draft of the original rule, 3:83-5(a), promulgated in the 1951 Rules as 3:84-4(a), and the comment thereunder. Under the old Chancery practice, there was at least serious doubt as to whether a cause of action which arose subsequent to the filing of a complaint for separate maintenance or a petition for divorce could be added by supplemental bill or petition. Tentative Draft of the Rules Governing the Courts of New Jersey, p. 287 (1948); 2A N.J. Practice Series (Waltzinger) 389 (1954). The prevailing view seemed to be that in such case an independent suit would have to be brought. To make certain that this archaic practice would be eliminated, the rule under discussion was suggested and adopted. The design was not to limit the power of amendment but to broaden it (if such broadening was necessary in view of the last portion of R.R. 4:15-3 (originally Rule 3:15-3); note the comment in the Tentative Draft, supra, under this rule at p. 127; 2 N.J. Practice Series (Waltzinger) 195 (1954)) and to remove any possible doubt that a subsequently arising matrimonial cause of action could be introduced into the pending suit by way of amendment.
*108 Under the circumstances, the amendment sought here should have been permitted. Cf. Urian v. Urian, 31 N.J. Super. 608 (App. Div. 1954); and see 2 Schnitzer and Wildstein, N.J. Rules Service, § 5, at p. A-IV 364 (1954). However, the failure to do so does not affect the merits of the judgment in the second action which is now before us. The matter has been discussed merely to clarify the practice.
On January 5, 1955 the present complaint for separate maintenance was filed. It contains three counts, charging a simple abandonment and failure to support beginning on or about March 9, 1952, an abandonment and failure to support accompanied by an allegation that plaintiff was compelled to separate from her husband on November 21, 1952, on account of his extreme cruelty, and finally an abandonment and failure to support arising during a consensual separation.
At this trial the entire course of the stormy married life of the parties was presented. The proof began with the marriage, covered the period of their residence in a common household down to the wife's departure in November 1952, and established the husband's attitude toward her thereafter through November 30, 1954. The proof was in conflict as to the responsibility for the events which culminated the final separation. However, the failure to support was clear; in fact, dating from mid-September 1952 it was undisputed. The trial court in a long and detailed oral opinion decided the issue of credibility in favor of the wife. And he concluded that the "defendant unjustifiably abandoned and refused to support the plaintiff, beginning on or about March 9, 1952 and culminating in a complete and final abandonment on November 21, 1952." He decided also that the charge of extreme cruelty had been proved and that it justified the wife's departure on November 21, 1952; and finally that the separation on that day was provoked, inspired and consented to by the husband. So, on all three grounds, a judgment for separate maintenance was entered.
We do not consider it necessary to set forth here the facts adduced by the parties. It seems sufficient to say that study *109 of the record has convinced us that the finding of extreme cruelty and acquiescence in the wife's separation by the husband is amply supported. The same is true with respect to the court's disbelief of his alleged efforts at reconciliation.
The husband argues strenuously that the judgment of November 15, 1954, after the first trial, constitutes res adjudicata and required dismissal of the action. This is true as to the alleged abandonment of March 8, 1952, for the action predicated upon that date was dismissed with prejudice. But the dismissal was limited expressly to that date and, as stated above, the court took pains to preserve any other claim for relief based upon extreme cruelty or a subsequent abandonment. The preservation arose from the specific reference to the allegations of the complaint relating to the conduct of the defendant between March 8 and October 14, 1952 and from the judgment of dismissal without prejudice as to any cause of action based upon them.
A dismissal without prejudice is comparable to a nonsuit under the former practice at law. It adjudicates nothing. Another action may be instituted and the same facts urged, either alone or in company with others as the basis of a claim for relief. Spencer v. Steel, 23 N.J. Super. 504, 509 (App. Div. 1952); Merrill v. Merrill, 95 N.J. Eq. 398, 399 (Ch. 1924); Spence v. Spence, 74 N.J. Eq. 786, 788 (Ch. 1908); Coles v. Coles, 32 N.J. Eq. 547, 557 (Ch. 1880); English v. English, 27 N.J. Eq. 579, 586 (E. & A. 1876); Mills v. Mills, 18 N.J. Eq. 444, 445 (Ch. 1867); 12 N.J. Practice Series, Herr, Marriage, Divorce and Separation, § 1461 (1950); cf. R.R. 4:42-2(b).
Therefore an action based upon a constructive abandonment arising on November 21, 1952 (more than a month after the suit was started) from a course of conduct constituting extreme cruelty and culminating in a separation on that day, cannot be said to be barred by such a judgment. The same is true of a cause of action for separate maintenance based upon a separation beginning on that day and acquiesced in by the husband.
*110 With respect to the latter issue, the trial court found that the husband wanted his wife to leave the home, that he had asked her to get out on occasions and that his course of conduct was such as to impel her to leave. And he concluded that regardless of the existence of justification founded in extreme cruelty, when she left it was instigated and acquiesced in by him. In our opinion, the record adequately supports that determination. Such a separation does not relieve the husband of the duty to support his wife. Nashman v. Nashman, 33 N.J. Super. 602, 605 (App. Div. 1955); Armour v. Armour, 135 N.J. Eq. 47, 52 (E. & A. 1944). Under the circumstances, this reason alone would have warranted the award of separate maintenance.
An allowance of $60 per week was made to the wife. It is not alleged to be excessive. However, complaint is made that the order should not have been made retroactive to February 4, 1955. The reason assigned is that the husband's financial means are limited and payment of the substantial sum which has accumulated would be inequitably burdensome.
The record reveals that on February 4, 1955 pendente lite support was sought. The application seems to have been continued or carried along for a considerable period, for reasons which are not explained in the appendix but which undoubtedly were sufficient for the parties and the court. Ultimately, on August 30, 1955, an order was entered denying support pending the final hearing. Among other things, it recited that any allowance then made would date back to February 4, 1955. Thus, as far back as August 1955 appellant was aware of a potential lump sum liability if the result of the litigation was adverse to him. In the face of that contingency, the making of some provision to meet it would seem to be the course of a reasonably prudent man. And Christiansen's method of living indicates that if the will to do so had been present, the alleged difficulty would be academic, not real. The retroactive award is discretionary with the court and we are not persuaded that the discretion was mistakenly exercised.
*111 The suggestion is made that if the order is sustained, we should permit payment in reasonable installments. This is a matter which should be dealt with by the trial court.
Finally, it is argued that the judgment should be reversed because the action was commenced in the improper venue and it was error for the trial court to deny defendant's motion for transfer.
The parties lived in Short Hills, Essex County, New Jersey, when the separation occurred in November 1952. The cause of action arose there. R.R. 4:94(a) requires the venue to be laid in the county where the cause arose, which in this instance means Essex and not Union County. Cabibo v. Cabibo, 13 N.J. Super. 373 (Ch. Div. 1951).
Upon separation, the wife went to the home of her father in Union County and was living there when the complaint was filed. Defendant, whose business is in Union County, moved to another address in Essex County. These factors do not affect the mandatory application of the rule. Thus it was improper to use the Union County venue and the motion to transfer should have been granted. However, our study of the entire proceedings fails to disclose that any prejudice resulted to the defendant from the error and consequently it does not provide a basis for interfering with the final result of the trial. R.R. 1:5-3(b).
For all the reasons stated the whole of the judgment, including the allowances to counsel and the plaintiff's accountant, is affirmed.