706 A.2d 790

UMBERTO ARENA, PLAINTIFF–APPELLANT, v. BOROUGH OF JAMESBURG, MIDDLESEX COUNTY, NEW JERSEY; VICTOR KNOWLES, JAMESBURG BOROUGH POLICE CHIEF; POLICE OFFICER ROBERT TONKERY, JAMESBURG BOROUGH PO- LICE DEPARTMENT, AND ANDREW STONAKER, JAMES- BURG BOROUGH CODE ENFORCEMENT OFFICER, DEFEN- DANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued February 9, 1998—Decided March 5, 1998.

Before Judges PETRELLA and SKILLMAN.

*Edward K. Zuckerman,* argued the cause for appellant.

*Lindsay B. Schiappa,* argued the cause for respondents Borough of Jamesburg and Police Chief Victor Knowles (*Convery, Convery & Shihar,* attorneys; *Ms. Schiappa,* on the brief).

*Lori A. Dvorak,* argued the cause for respondent Officer Robert Tonkery (*Lynch Martin,* attorneys; *Ms. Dvorak,* on the brief).

The opinion of the court was delivered by

SKILLMAN, J.A.D.

This is an appeal from the dismissal of a complaint on the ground the entire controversy doctrine bars the action because plaintiff voluntarily dismissed a prior action which rested on the same factual allegations.

Plaintiff's complaint alleges that he organized a public rally in front of the Borough of Jamesburg municipal building to protest a substantial increase in municipal sewer rates. As part of the protest, plaintiff planned to burn his sewer bill and to encourage other participants to do the same. The Chief of Police informed plaintiff that unless he obtained a "burning permit," this activity would constitute a violation of a municipal ordinance prohibiting bonfires. Plaintiff allegedly attempted to obtain such a permit but was informed that one would not be issued. Plaintiff and other protesters nevertheless proceeded to burn their sewer bills. As a result, plaintiff was arrested, handcuffed and brought to the Jamesburg police headquarters, where he was allegedly detained for over an hour before being issued a complaint and summons for "improper burning."

Prior to the scheduled hearing date in municipal court, plaintiff and another protester who also was charged with violating the burning ordinance filed an action in the Chancery Division seeking to enjoin their prosecutions and future enforcement of the municipal ordinance on the ground that their protest activity was protected by the free speech guarantees of the First Amendment to the United States Constitution and Article I, paragraph 6, of the New Jersey Constitution. The plaintiffs also applied for an order to show cause. On August 31, 1994, the Chancery Division judge sent a letter to plaintiffs' counsel stating that the application for an order to show cause had been denied on the ground that whatever constitutional defenses plaintiffs might have to their prosecutions should be raised in municipal court under *Rule* 7:4-2(e).

Plaintiffs were subsequently acquitted in municipal court on the ground that the burning of a small sewer bill did not fall within

the scope of the municipal ordinance prohibiting bonfires. The municipal court's decision did not address plaintiffs' constitutional arguments.

Subsequent to their acquittal in municipal court, plaintiffs voluntarily dismissed their Chancery Division action. At that time defendants had not yet filed an answer.

Approximately nine months later, plaintiff filed the present action under the Federal Civil Rights Act (42 U.S.C. §§ 1983, 1985),[1] alleging that his arrest and prosecution by the Borough of Jamesburg and its public officials constituted a violation of the First and Fourteenth Amendments to the United States Constitution and seeking compensatory and punitive damages. Defendants moved to dismiss the complaint on the ground that under the entire controversy doctrine plaintiff's voluntary dismissal of the prior Chancery Division action barred a subsequent action which rested on the same factual allegations.

The trial court granted the motion, concluding that even though defendants had not appeared in the prior action, they were nevertheless entitled to rely upon the plaintiff's voluntary dismissal as a final disposition of whatever claims he may have had as a result of his arrest and prosecution. The court also expressed the view that plaintiff's voluntary dismissal of the first action and subsequent filing of this action "deprived [the Chancery Division judge] of the ability to manage the first case." The court subsequently denied plaintiff's motion for reconsideration, stating that "instead of voluntarily dismissing the first matter, which was in existence for well over ... a month, the plaintiff should have amended to include his 1983 action."

Plaintiff appeals. We conclude that the entire controversy doctrine does not bar the filing of an action which rests on the same factual allegations as a prior action which a plaintiff has

---

[1] Plaintiff's co-plaintiff in the Chancery Division action did not join in the present action.

voluntarily dismissed without prejudice prior to the filing of an answer. Therefore, we reverse.

Rule 4:37–1(a), which is derived from FRCP 41(a), see Morris M. Schnitzer & Julius Wildstein, *New Jersey Rules Service 1954 to 1967*, comment 2 to R.R. 4:42–1, A IV–1398 (Gann special reprint ed.1982), provides in pertinent part that "an action may be dismissed by the plaintiff without court order by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment," and that "[u]nless otherwise stated in the notice . . . , the dismissal is without prejudice." When a plaintiff exercises the right to voluntarily dismiss a complaint without prejudice, "[a]nother action may be instituted and the same facts urged, either alone or in company with others as the basis of a claim for relief." *Christiansen v. Christiansen,* 46 *N.J.Super.* 101, 109, 134 *A.*2d 14 (App.Div.), *certif. denied,* 25 *N.J.* 56, 134 *A.*2d 833 (1957). "A voluntary dismissal without prejudice leaves the situation as if the action never had been filed." 9 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure,* Civil 2d § 2367 (1995). Thus, a plaintiff's voluntary dismissal of an action under *Rule* 4:37–1(a) has no preclusive effect; the claim, or a different claim based on the same facts, may be asserted in a subsequent action without the court's permission. *See Restatement (Second) of Judgments* § 20(1)(b); *cf. Woodward–Clyde Consultants v. Chemical & Pollution Sciences, Inc.,* 105 *N.J.* 464, 472, 523 *A.*2d 131 (1987) ("A dismissal without prejudice is not an adjudication on the merits and does not bar reinstitution of the same claim in a later action."). A plaintiff is required to obtain the consent of the defendant or leave of the court to dismiss without prejudice only after an answer or a motion for summary judgment has been filed. *R.* 4:37–1(a), (b); *cf. Mack Auto Imports v. Jaguar Cars, Inc.,* 244 *N.J.Super.* 254, 259–60, 581 *A.*2d 1372 (App.Div.1990) (noting that when a defendant has appeared in the original action, the court may require the plaintiff to pay some or all of defendant's counsel fees as a condition of granting leave to dismiss without prejudice); *see*

*generally* Pressler, *Current N.J. Court Rules,* comment on *R.* 4:37–1 (1998).

■ The entire controversy doctrine does not affect a plaintiff's right to file a new action based on the same factual allegations as a prior action which has been dismissed without prejudice pursuant to *Rule* 4:37–1(a). The entire controversy doctrine bars a subsequent action only when a prior action based on the same transactional facts has been tried to judgment or settled. *Kaselaan & D'Angelo Assocs., Inc. v. Soffian,* 290 *N.J.Super.* 293, 299, 675 *A.*2d 705 (App.Div.1996); *accord Rycoline Prods., Inc. v. C & W Unlimited,* 109 *F.*3d 883, 887–89 (3d Cir.1997); *see also Watkins v. Resorts Int'l Hotel & Casino, Inc.,* 124 *N.J.* 398, 415, 591 *A.*2d 592 (1991) (noting that "[o]nly a judgment 'on the merits' will preclude a later action on the same claim."). Therefore, when a prior action has been dismissed without prejudice prior to trial, a plaintiff is not barred from filing a subsequent action based on the same transactional facts.

In arguing that a voluntary dismissal without prejudice may be given preclusive effect, defendants rely upon the statement in *DiTrolio v. Antiles,* 142 *N.J.* 253, 279, 662 *A.*2d 494 (1995) that "[a]lthough a settlement or a dismissal without prejudice is a factor a court should consider when applying the entire controversy doctrine, neither is dispositive." However, *DiTrolio* did not involve a plaintiff's voluntary dismissal of a complaint prior to an appearance by any defendant. Instead, it involved a settlement between the parties which attempted by means of a dismissal without prejudice to preserve the plaintiff's right to bring a subsequent action against nonparties to the original action. Applying the expansive party joinder rule adopted in *Cogdell v. Hospital Ctr. at Orange,* 116 *N.J.* 7, 560 *A.*2d 1169 (1989) and its progeny, the Court concluded that the parties to the original action could not enter into a settlement allowing the plaintiff to bring a subsequent action against persons who had not been joined in the original action. *Id.* at 268–80, 662 *A.*2d 494. The Court emphasized that the defendants against whom the subse-

quent action was brought "were not parties or privy to the settlement that purported to authorize plaintiff's subsequent lawsuit against them." *Id.* at 279, 662 *A.*2d 494; *see also Mystic Isle Dev. Corp. v. Perskie & Nehmad,* 142 *N.J.* 310, 332–33, 662 *A.*2d 523 (1995). In contrast, this case does not involve the parties to a lawsuit attempting to enter into a settlement which leaves nonparties exposed to a subsequent action but rather a plaintiff exercising the right specifically conferred by *Rule* 4:37–1(a) to voluntarily dismiss a complaint prior to an appearance by any defendant without prejudice to the filing of a subsequent action.

It is undisputed that plaintiff's stipulation of dismissal of the Chancery Division action constituted a voluntary dismissal before service of an answer or motion for summary judgment within the intent of *Rule* 4:37–1(a). Because this stipulation did not state that it was with prejudice, the dismissal was without prejudice and plaintiff remained free to file another action based on the same transactional facts.

Accordingly, we reverse the order dismissing plaintiff's complaint and remand the case to the trial court.