**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2983-15T3

DENNIS MAAS,

    Plaintiff-Appellant,

v.

HOYT CORPORATION, a corporation
of the State of New Jersey;
MICHAEL BRADFORD; SUSAN NIXON
BRADFORD; NICHOLAS B. NIXON;
MARIA ESPARRAGUERA; THE WILLIAM
H. NIXON REVOCABLE TRUST; and
THE ESTATE OF WILLIAM H. NIXON,

    Defendants-Respondents.

_____

        Argued September 14, 2017 — Decided October 17, 2017

        Before Judges Alvarez, Currier, and Geiger.

        On appeal from the Superior Court of New
        Jersey, Law Division, Bergen County, Docket
        No. L-10204-15.

        William A. Feldman argued the cause for
        appellant (William A. Feldman, LLC, attorneys;
        Mr. Feldman and John J. Stern, on the briefs).

        Michele L. Ross argued the cause for
        respondents Hoyt Corporation, Michael
        Bradford, Susan Nixon Bradford, Nicholas B.
        Nixon and Maria Esparraguera (M. Ross &
        Associates, LLC, attorneys; Ms. Ross and Jill
        A. Ellman, on the brief).

Daniel Case Gibbons argued the cause for respondents The William H. Nixon Revocable Trust and The Estate of William H. Nixon (Nixon Peabody LLP, attorneys; Mr. Gibbons, on the brief).

PER CURIAM

Plaintiff Dennis Maas appeals from the February 12 and February 16, 2016 orders dismissing his complaint against all defendants with prejudice. The Law Division judge dismissed the complaint under the entire controversy doctrine (ECD), asserting that the complaint at issue was identical to a prior complaint that had been dismissed without prejudice in the Chancery Division. Because we find there was no adjudication on the merits of the action in the Chancery Division, we reverse the dismissal orders.

Plaintiff was employed by defendant Hoyt Corporation from 1986 until his termination in 2015, serving as its vice president and chief financial officer. In 1986, the two principals of Hoyt, William Nixon[1] and Donald Maguire, entered into a Shareholders Agreement (Agreement) that restricted the two principals from transferring stock. The Agreement also required Hoyt to purchase life insurance policies on each of the stockholders. Upon the

---

[1] Nixon was the majority shareholder and owned 206 shares; Maguire owned a minority interest with thirty-nine and one-half shares.

death of either of the principals, Hoyt was to purchase that stockholder's shares.

On the same day the Agreement was executed, plaintiff was sold one share of stock and he executed a different agreement, memorializing the purchase and providing that upon his termination, the stock would be sold to Hoyt. Plaintiff's employment was defined as "at will."

In late 1986, Hoyt, Nixon, and Maguire executed an amendment to the Agreement that permitted Nixon to transfer his majority interest to defendant William H. Nixon Revocable Trust (the Trust), a trust for the benefit of his spouse and descendants, making the Trust the majority shareholder of Hoyt.

Nixon served as president of Hoyt until 1999, at which time Maguire became president until his retirement in October 2014. In November 2014, defendant Michael Bradford became the interim president. A new Board of Directors was elected in December 2014 to include defendants Susan Nixon Bradford, Nicholas B. Nixon, and Maria Esparraguera (the Nixon defendants). Hoyt purchased Maguire's stock after his death in March 2015. In April, defendant Michael Bradford purchased two shares of the corporation, ensuring plaintiff's status as minority shareholder. Nixon died in May 2015, and in August, plaintiff was terminated on allegations of improper conduct in the workplace.

In June 2015, plaintiff filed an Order to Show Cause (OTSC) and verified complaint in the Chancery Division against Hoyt, Michael Bradford, the Nixon defendants, the Trust, and the Estate of William H. Nixon (Estate).

Plaintiff's OTSC and complaint alleged that all of the defendants had "mismanaged or acted oppressively . . . in breach of their fiduciary duties to [p]laintiff as a stockholder and employee [of] the [c]orporation" by refusing to effectuate plaintiff's request to buy back the stock formerly owned by Nixon, and currently held by the Trust. Plaintiff sought the appointment of a custodian or provisional director to repurchase all of the corporation's stocks, including the stock owned by the Trust and Michael Bradford. He also sought a declaration that he was the sole remaining stockholder.

The OTSC alleged additional causes of action for breach of contract; breach of the implied covenant of good faith, cooperation, and fair dealing; and specific performance. The Chancery court denied the OTSC.

Following his termination, plaintiff amended his complaint to assert three additional claims: violation of the Conscientious Employee Protection Act (CEPA), N.J.S.A. 34:19-1 to -14;

conspiracy; and tortious interference with contractual and economic rights and expectations.

All of the defendants moved to dismiss the complaint under Rule 4:6-2(e). They argued that plaintiff was not a party to the Agreement, and therefore, had no standing to assert a claim as an oppressed shareholder under N.J.S.A. 14A:12-7(1)(c) (the Act). As there was no contract, defendants contended that plaintiff could not establish a claim for breach of contract, breach of the implied covenant of good faith and fair dealing or tortious interference with contractual and economic rights and expectations. Defendants asserted that plaintiff was only entitled to the value of his one share of stock. Defendants argued further that plaintiff had not alleged a violation of a law, rule, or regulation as required to establish a claim under CEPA or for civil conspiracy.

On November 6, 2015, the Chancery judge issued a written opinion granting defendants' motions. Quoting Kieffer,[2] the judge stated that as the motions were brought under Rule 4:6-2(e), he was cognizant that the "non-moving party need not prove the case, but need only 'make allegations which, if proven, would constitute a valid cause of action.'" After advising that he had accepted plaintiff's version of the facts and accorded it all legitimate

---

[2] Kieffer v. High Point Ins. Co., 422 N.J. Super. 38, 43 (App. Div. 2011).

inferences, the Chancery judge found that the facts "set forth in the pleadings are insufficient to state any causes of action against Defendant[s] due to improper pleadings."

As to the Act, the judge stated that plaintiff had no legal standing to allege a cause of action because he was neither a party to nor a third-party beneficiary of the Agreement. He advised, however, that plaintiff could raise this allegation under a derivative theory in a new pleading.

The counts alleging breach of contract and implied covenant of good faith and fair dealing were similarly dismissed without prejudice as a result of the judge's conclusion that plaintiff was not a party to the Agreement. The judge again noted, plaintiff's allegation that he was an intended beneficiary of the Agreement, and advised that the claims could be brought in a derivative action.

Quoting Maw,[3] the Chancery judge also dismissed the CEPA count without prejudice, asserting that plaintiff failed to "plead a violation of any activity on the part of [defendants] that was 'unlawful or indisputably dangerous to the public health, safety or welfare.'"

---

[3] Maw v. Advanced Clinical Commc'ns, 179 N.J. 439, 445 (2004).

In addressing the allegation of civil conspiracy, the judge found that the complaint failed to set forth sufficient facts to "establish Defendants agreed to inflict a wrong or injury upon Plaintiff, or that the Plaintiff suffered damages as a result of any such agreement." The count was dismissed without prejudice.

Finally, the judge dismissed the tortious interference with a contract claim, reiterating that plaintiff was not a party to the Agreement and, therefore, had no standing to assert this contractual claim. The judge advised again that if plaintiff was an intended beneficiary, he could pursue claims to enforce any rights of Hoyt in a derivative action.

In conclusion, the Chancery judge noted the general premise that a dismissal for failure to state a claim is without prejudice because there has been no adjudication on the merits of the claims. He said:

> Therefore, in granting Defendants' motions[,] all of Plaintiff's claims are dismissed without prejudice. The [c]ourt notes that some of Plaintiff's claims seek money damages, and Plaintiff also filed an Amended Complaint seeking a jury trial. Should Plaintiff continue to seek these claims, the claims may more appropriately be brought in the Law Division.

### The Law Division Action

Plaintiff did not appeal from the Chancery court's order. Instead, he filed an action in the Law Division asserting identical

claims and adding a count for a shareholder derivative action pursuant to Rule 4:32-3. Defendants moved to dismiss the complaint, reiterating their arguments made before the Chancery judge. In addition, defendants contended that plaintiff was unable to maintain his derivative action, as he only sought to enforce his own rights and not the rights of all stockholders.

The Law Division judge determined that the ECD required the dismissal of all of the claims in the new complaint previously asserted in the Chancery complaint. He stated that the Chancery judge's decision to dismiss without prejudice "can only be read as allowing plaintiff to address the deficiencies of the pleadings when re-filed in the Law Division." Since plaintiff failed to set forth any new facts or legal arguments in the second complaint, the Law Division judge dismissed the previously asserted claims with prejudice. He similarly dismissed the new derivative action count as he concluded that because plaintiff was the only stockholder, the derivative suit was "representative of only his personal concerns and alleged injuries."

On appeal, plaintiff argues that the Law Division judge erred in dismissing his complaint under the ECD. We agree.

"The [ECD] bars a subsequent action only when a prior action based on the same transactional facts has been tried to judgment or settled." Arena v. Borough of Jamesburg, 309 N.J. Super. 106,

111 (App. Div. 1998). "Only a judgment 'on the merits' will preclude a later action on the same claim." Watkins v. Resorts Int'l Hotel & Casino, 124 N.J. 398, 415 (1991). The Chancery judge did not adjudicate any of plaintiff's claims on their merits. He reviewed the complaint under the standard set forth in Rule 4:6-2(e) and found plaintiff's pleadings insufficient to state a cause of action. The Chancery judge specifically stated he was dismissing the complaint without prejudice because the claims had not been adjudicated on their merits. Anticipating that the complaint would be re-filed, the Chancery judge advised that the Law Division was the appropriate forum for any subsequent action. The Law Division judge, therefore, erred in his determination that the ECD barred the second complaint. The claims were neither adjudicated nor settled.

Because we review judgments and orders, however, and not the reasoning for their entry, see Neu v. Union Twp. Planning Bd., 352 N.J. Super. 544, 551 (App. Div. 2002), we must address whether the dismissal was nevertheless proper. Our review of the trial court's order is plenary; we apply the same test as the trial court, granting a motion under Rule 4:6-2 "only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." Smerling v. Harrah's Entm't Inc., 389 N.J. Super.

181, 186 (App. Div. 2006). Moreover, we are not bound by the trial court's legal conclusions. "A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

Limiting our review to the "legal sufficiency of the facts alleged in the complaint[,]" Donato v. Moldow, 374 N.J. Super. 475, 482 (App. Div. 2005), we are satisfied that plaintiff provided adequate and sufficient facts to support his allegations in the Law Division complaint. The twenty-eight page complaint contains detailed factual support for each asserted claim.

Plaintiff presented sufficient facts to support his claim under the Act. The pertinent count provides detailed allegations to meet the requirements of N.J.S.A. 14A:12-7(1)(c). As to the contractual claims, plaintiff alleges that he was an intended third-party beneficiary to the Agreement. Without the opportunity for discovery to explore these allegations, it was an error to dismiss the contractual claims.

In the CEPA count, plaintiff alleges that: (1) Hoyt employed him; (2) defendants violated the Act and N.J.S.A. 14A:7-12; (3) he complained of Hoyt's failure to repurchase Nixon's stock; and (4) defendants retaliated against him by terminating his employment. Plaintiff has factually supported his CEPA claim.

Finally, we review the derivative shareholder claim. Plaintiff alleges that the Nixon defendants have mismanaged the corporation, including their refusal to purchase the Trust stock following Nixon's death. Plaintiff further alleges that the Nixon defendants' refusal deprived Hoyt from the benefits of repurchasing the stock. Because the only other shareholders are Michael Bradford and the Trust, plaintiff describes himself as the only bona fide shareholder. He acknowledges that his individual rights as a shareholder and his derivative rights on behalf of the class of all bona fide stockholders overlap. These allegations are sufficient to meet his pleading burden.

Whether any or all of the pled claims will remain viable after discovery and potential summary judgment motions is not before us and we express no view as to the likelihood of success of any such motions. We need only be able to "glean" a cause of action from the complaint for it to survive a dismissal motion under Rule 4:6-2. See Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989). As a result, we reverse the dismissal of the complaint and remand to the trial court for further proceedings.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2983-15T3