**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3323-19

EBENEZER ODUKOYA,[1]

    Plaintiff-Appellant,

v.

JENNIFER SOBANJO,

    Defendant-Respondent.

_____

        Submitted April 14, 2021 – Decided May 12, 2021

        Before Judges Ostrer and Enright.

        On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FM-07-1396-16.

        Andrew K. de Heer, attorney for appellant.

        Karen Fasano, attorney for respondent.

PER CURIAM

---

[1] Referenced in the record also as Ebenezer Sunbay Odukoya, Femi Odukoya and Ray O'Sekon.

Plaintiff Ebenezer Odukoya appeals from a February 18, 2020 order dismissing his motion to reopen his matrimonial case. We affirm.

Plaintiff filed his first complaint for divorce in Middlesex County in February 2015. According to defendant, that complaint was dismissed in September 2015. A few months later, plaintiff filed a second complaint for divorce, this time in Essex County. Defendant retained counsel and moved to dismiss plaintiff's complaint, claiming no valid marriage existed between the parties. This action was voluntarily dismissed, without prejudice, pursuant to an August 2, 2016 stipulation of voluntary dismissal executed by the parties' attorneys and the trial court.

In May 2017, the parties entered into a "Settlement Agreement" (SA) in the presence of counsel. The SA comprehensively addressed issues of custody and child support for the one child "born of the relationship," provided for the distribution of certain assets, and included mutual waivers of "maintenance, palimony, or any other form of support."

In November 2019, plaintiff filed a "motion to reopen [the] case and enforce" the SA. Defendant opposed the motion, arguing plaintiff was not entitled to such relief because no underlying action existed. Despite this stance, she also sought an award of counsel fees.

On February 18, 2020, without entertaining oral argument, the trial court dismissed plaintiff's motion and denied defendant's request for counsel fees. In an accompanying statement of reasons, the motion judge stated, in part:

> Plaintiff filed a complaint for divorce on December 21, 2015. However, [it] was voluntarily dismissed on August 2, 2016. The parties entered into a private agreement on May 9, 2017. According to Plaintiff, Defendant has not been complying with the terms of the parties' private agreement. As a result, Plaintiff filed a Notice of Motion . . . to reopen the matter and enforce the parties' private agreement . . . . [T]here are currently no divorce proceedings pending between [the parties]. Therefore, Plaintiff improperly filed his Notice of Motion. Specifically, plaintiff is required to file his . . . Motion in the Non-Dissolution docket . . . . Plaintiff's Notice of Motion is hereby dismissed.

On appeal, plaintiff argues the trial court erred by: "refusing to exercise jurisdiction" over his motion; denying him oral argument to address the "substantive issue of the enforcement of the marital settlement agreement between the parties"; and "deciding that the plaintiff could not reopen the marital dissolution case even though he relied to his detriment on the" SA "in acquiescing to dismiss the case without prejudice." We are not convinced.

Our review of a family court order is limited. See Cesare v. Cesare, 154 N.J. 394, 411 (1998). "Discretionary determinations, supported by the record, are examined to discern whether an abuse of reasoned discretion has occurred."

A-3323-19

Ricci v. Ricci, 448 N.J. Super. 546, 564 (App. Div. 2017) (citing Gac v. Gac, 186 N.J. 535, 547 (2006)). An abuse of discretion occurs when a trial court's decision "rested on an impermissible basis, considered irrelevant or inappropriate factors, failed to consider controlling legal principles or made findings inconsistent with or unsupported by competent evidence." Elrom v. Elrom, 439 N.J. Super. 424, 434 (App. Div. 2015) (internal quotation marks and citations omitted). Challenges to legal conclusions, as well as the trial court's interpretation of the law, are subject to de novo review. Ricci, 448 N.J. Super. at 565 (citing Reese v. Weis, 430 N.J. Super. 552, 568 (App. Div. 2013)). Additionally, a "trial court judgment that reaches the proper conclusion must be affirmed even if it is based on the wrong reasoning." Rubin v. Tress, 464 N.J. Super. 49, 54 (App. Div. 2020) (quoting Hayes v. Delamotte, 231 N.J. 373, 387 (2018)).

As a threshold matter, we confess we are somewhat perplexed by plaintiff's position that he "relied to his detriment" on the SA when agreeing to dismiss his second divorce complaint. That is because the stipulation of dismissal was filed in August 2016, i.e., several months before the parties entered into their May 2017 agreement. Further, although plaintiff contends the motion judge erred by denying him the right to reopen his dissolution matter,

4

the SA specifically provides each party "shall forever be prohibited from initiating claims for divorce in any jurisdiction, domestic or foreign" against the other party. For purposes of this appeal, we do not address the enforceability of such a provision, but note its plain meaning is congruent with defendant's position that the parties never married. Further, we are confident a trial court is best positioned to address this issue if it is raised in a subsequent proceeding.

Nonetheless, plaintiff is not left without a remedy. Even if we were to accept defendant's claim that the parties never married, and plaintiff thus would be precluded from relief under a dissolution docket, he could simply enforce the SA by filing a non-dissolution complaint.

A reading of Rule 4:37-1 further bolsters our conclusion that plaintiff remains free to move before the trial court to enforce the SA, after filing a new complaint under the non-dissolution docket. Pursuant to this Rule, when parties jointly file a stipulation of dismissal, the dismissal is generally without prejudice "[u]nless otherwise stated in the notice or stipulation." R. 4:37-1(a). Additionally, it is well established that, once a plaintiff obtains a voluntary dismissal without prejudice, another "action may be instituted and the same facts urged, either alone or in the company with others as the basis of a claim for relief." Arena v Borough of Jamesburg, 309 N.J. Super. 106, 110 (App. Div.

1998) (citations and internal quotation marks omitted). That is because the dismissal of an action without prejudice "adjudicates nothing." N.J. Div. of Youth & Fam. Servs. v. A.P., 408 N.J. Super. 252, 263 (App. Div. 2009) (citations omitted). Further, the entry of a dismissal without prejudice "leaves the situation as if the action never had been filed." Arena, 309 N.J. Super. at 110 (quoting 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, Civil 2d § 2367 (1995)); see also Czepas v. Schenk, 362 N.J. Super. 216, 228 (App. Div. 2003) ("A dismissal without prejudice means that there has been no adjudication on the merits and that a subsequent complaint alleging the same cause of action will not be barred by reason of its prior dismissal.").

Here, the parties' stipulation of dismissal made clear, on its face, that the dismissal was voluntary and without prejudice. Accordingly, plaintiff is not precluded from raising the same facts before the trial court that he raised in his two prior actions, regardless of whether he does so under a dissolution or non-dissolution docket.

To the extent plaintiff urges us to conclude he was entitled to relief from the August 2, 2016 stipulation of dismissal under Rule 4:50-1(f), we disagree. Rule 4:50-1 applies only to final judgments or orders. See Johnson v. Cyklop

Strapping Corp., 220 N.J. Super. 250, 262-63 (App. Div. 1987). By their nature, dismissals without prejudice do not adjudicate the merits of a dispute and are not "final judgments." See O'Loughlin v. Nat'l Cmty. Bank, 338 N.J. Super. 592, 603 (App. Div. 2001). Additionally, a Rule 4:50-1 motion is "addressed to the sound discretion of the trial court, which should be guided by equitable principles in determining whether relief should be granted or denied." Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994). The Rule is to be applied "sparingly, in exceptional circumstances" to avoid a "grave injustice." Id. at 289. No such exceptional circumstances exist here, even if we were to accept plaintiff's premise that relief from the stipulation of dismissal should be available to him under Rule 4:50-1. Indeed, plaintiff waited over three years following the entry of the stipulation of dismissal to assert his entitlement to relief. Moreover, he does not explain the reason for this delay, nor demonstrate why principles of equity and justice demand relief from the stipulation under the catch-all provision of Rule 4:50-1(f). See Hous. Authority of Morristown, 135 N.J. at 286.

Finally, we address plaintiff's argument that the motion judge erred in declining to conduct oral argument on his motion to reopen. We acknowledge that litigants should be permitted oral argument of motions other than calendar

matters and routine discovery applications when requested "as a matter both of due process and the appearance of due process." Filippone v. Lee, 304 N.J. Super. 301, 306 (App. Div. 1997); see also Pressler & Verniero, Current N.J. Court Rules, cmt. 1.1 on Rule 5:5-4 (2021) ("[T]here is a strong presumption favoring argument of motions other than calendar matters and routine discovery applications."). However, "[t]he discretion afforded by Rule 5:5-4(a) is designed to give the judge 'the option of dispensing with oral argument . . . when no evidence beyond the motion papers themselves and whatever else is already in the record is necessary to a decision.'" Palombi v. Palombi, 414 N.J. Super. 274, 285 (App. Div. 2010) (alteration in original) (quoting Fusco v. Fusco, 186 N.J. Super. 321, 328-29 (App. Div. 1982)). "In short, it is the sole purpose of these rules to dispense with what is regarded as unnecessary or unproductive advocacy." Ibid. (quoting Fusco, 186 N.J. Super. at 329).

Based on our review of the record, we are not persuaded the motion judge erred in disposing of plaintiff's application without oral argument. Instead, it is clear from her statement of reasons that she fully understood the procedural status of the matter. Further, plaintiff fails to demonstrate the judge's findings were inconsistent with or unsupported by competent evidence. Since no evidence beyond the motion papers was required to decide plaintiff's

8

application, oral argument would not have assisted the judge in addressing the issues before her.

To the extent we have not specifically addressed plaintiff's remaining arguments, we find they lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3323-19