**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1377-20

ELEVATOR MEDIC
CORPORATION,

    Plaintiff-Appellant,

v.

LITANA DEVELOPMENT, INC.,

    Defendant-Respondent.

_____

Argued December 7, 2021 – Decided January 27, 2022

Before Judges Fisher and Currier.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-1064-20.

Ronald Gutwirth argued the cause for appellant (Law Office Constantine Bardis, LLC, attorneys; Ronald Gutwirth, of counsel and on the brief; Constantine Bardis, on the brief).

Danielle E. Cohen argued the cause for respondent (Tesser & Cohen, attorneys; Danielle E. Cohen, on the brief).

PER CURIAM

Plaintiff filed a complaint in Essex County, alleging defendant did not pay it for work performed on a project in Cedar Grove. Six months later, plaintiff dismissed the complaint with prejudice after realizing it had listed the wrong address for the job. Thereafter, plaintiff filed a complaint in Hudson County,[1] seeking payment for work performed for defendant on a job in Paterson.

Defendant moved to dismiss plaintiff's complaint in lieu of an answer under Rule 4:6-2, contending the second complaint was barred under the entire controversy doctrine, Rule 4:30A. The motion judge agreed and dismissed the complaint, finding "the claims in this matter are considered to have been fully adjudicated and the entire controversy doctrine bars further adjudication." The court denied plaintiff's subsequent motion for reconsideration.

The parties did not litigate the claims asserted in the Essex County action. The issues were not adjudicated on the merits. Therefore, the entire controversy doctrine is not applicable, and it was error to dismiss the Hudson County complaint. We reverse.

Plaintiff performed work as a subcontractor under a contract executed with defendant on a project in Paterson. When the parties disputed whether

---

[1] Plaintiff's place of business is located in Hudson County.

A-1377-20

plaintiff was owed any monies for its work, plaintiff filed the Essex County action. In the complaint, plaintiff alleged it performed work for defendant at an address in Cedar Grove. When plaintiff realized the address of the job site was wrong, it voluntarily dismissed the complaint with prejudice.[2][3] The dismissal occurred before defendant filed any responsive pleading. Thereafter, plaintiff filed the second complaint, venued in Hudson County, alleging the work performed was in Paterson.

The objectives of the entire controversy doctrine are "to encourage complete and final dispositions through the avoidance of piecemeal decisions and to promote judicial efficiency and the reduction of delay." Wadeer v. N. J. Mfrs. Ins. Co., 220 N.J. 591, 610 (2015). The doctrine compels "litigants to consolidate their claims arising from a single controversy whenever possible." Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman and Stahl, P.C., 237 N.J. 91, 98 (2019) (citing Thornton v. Potamkin Chevrolet, 94 N.J. 1, 5 (1983)). If a party fails to properly assert a claim that must be joined in an

---

[2] Plaintiff concedes it erred in dismissing the complaint with prejudice.

[3] Plaintiff contends it learned of the mistake in the address from defendant's counsel who contacted plaintiff to advise of the error.

action, the court may, in its discretion, bar that claim under the entire controversy doctrine.  Ibid.

However, because a violation of the entire controversy doctrine may result in claim preclusion, courts must consider the two pillars of "fairness to the parties and fairness to the system of judicial administration."  Hillsborough Twp. Bd. of Educ. v. Faridy Thorne Frayta, P.C., 321 N.J. Super. 275, 284 (App. Div. 1999) (holding the entire controversy doctrine does not bar the plaintiff's subsequent claim where the plaintiff voluntarily stipulated to dismiss the original action with prejudice and the defendant did not pay plaintiff consideration for the dismissal).  Therefore, when applying the entire controversy doctrine, courts must consider whether the party the doctrine is asserted against "had a fair and reasonable opportunity to . . . litigate[] that claim in the original action."  Ibid. (quoting Gelber v. Zito P'ship, 147 N.J. 561, 565 (1997)).

Plaintiff's claims were not adjudicated in the Essex County action. Defendant did not file a responsive pleading.  Plaintiff voluntarily dismissed its complaint after noting an error in the allegations, subsequently refiling the complaint in another county.

Equitable considerations are at the forefront when applying the entire controversy doctrine and courts have discretion in applying the doctrine depending on the factual circumstances. Bank Leumi USA v. Kloss, 243 N.J. 218, 227 (2020) (citations omitted). As the Leumi Court stated: "[A] court should not preclude a claim under the entire controversy doctrine if such a remedy would be unfair in the totality of the circumstances and would not promote the doctrine's objectives of conclusive determinations, party fairness, and judicial economy and efficiency." Ibid. (citing Dimitrakopoulos, 237 N.J. at 119).

The motion judge reasoned that the dismissal with prejudice of the Essex County matter was an adjudication on the merits, relying on Velasquez v. Franz, 123 N.J. 498, 507 (1991). However, Velasquez is inapposite to the present circumstances. There, a federal court dismissed the plaintiff's case under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Ibid. Plaintiff did not appeal the determination but instead filed an identical complaint four days later in New Jersey Superior Court. Id. at 503-04. The trial court dismissed the complaint. Id. at 504. The Court affirmed, finding a federal court dismissal under Fed. R. Civ. P. 12(b)(6) was an adjudication on the merits. Id. at 505. Therefore, the plaintiff's state court complaint was barred under the principles of res judicata.

A-1377-20

Here, plaintiff's claims were not adjudicated in Essex County. And defendant does not assert res judicata precludes plaintiff from pursuing its claims. But the entire controversy is also not applicable under these circumstances. As we have previously stated, the entire controversy doctrine does not preclude a second action where the first action did not result in an adjudication on the merits. See Arena v. Borough of Jamesburg, 309 N.J. Super. 106, 111 (App. Div. 1998) (holding the entire controversy doctrine bars "a subsequent action only when a prior action based on the same transactional facts has been tried to judgment or settled"). Moreover, plaintiff dismissed a case alleging a cause of action for work done in Cedar Grove. The Hudson County complaint alleged breach of contract for work done in Paterson.

Here, where plaintiff voluntarily dismissed its action and refiled it within several weeks, the policies underlying the entire controversy doctrine would not be promoted by barring plaintiff's claims. There was no adjudication on the merits. There was no consideration exchanged for the dismissal. Defendant could potentially receive a windfall if the entire controversary doctrine applied by escaping any potential liability for breach of contract. Plaintiff is entitled to litigate its claims in the Hudson County action.

A-1377-20

Reversed and remanded for reinstatement of the complaint. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1377-20