**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3628
_____

SOLIMAN A. YOUSSEF,
                                        Appellant

v.

DEPARTMENT OF HEALTH AND SENIOR SERVICES;
ROBIN SPAULDING-SMITH; KEVIN JENNINGS
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 10-cv-00209)
District Judge:  Honorable Joel A. Pisano
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 12, 2011

Before:  FUENTES, GREENAWAY, JR. AND ROTH, Circuit Judges

(Opinion filed  April 15, 2011)

_____

OPINION
_____

PER CURIAM

        Appellant Soliman A. Youssef, proceeding pro se, appeals from the judgment of

the United States District Court for the District of New Jersey dismissing his complaint.

For the reasons that follow, we will vacate and remand for further proceedings.

1

Youssef was employed by Appellee, the New Jersey Department of Health and Senior Services ("DHSS"), from May 1983 until July 2008. In December 2002, he initiated a complaint in the United States District Court for the District of New Jersey alleging that DHSS discriminated and retaliated against him in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq., and 42 U.S.C. § 1981. See Civ. No. 02-cv-05753 (D.N.J.) The District Court granted in part Appellees' motion to dismiss, and denied in part Appellees' motion for summary judgment, permitting Youssef's Title VII claim of national original discrimination to proceed against DHSS, and his Section 1981 claims of national original discrimination and retaliation to proceed against his supervisor, Marc Alexander, in his individual capacity. The parties settled prior to trial, and the Court dismissed the action on October 31, 2005.[1]

In November 2007, Youssef filed a new complaint against DHSS and Kevin Jennings, Administrative Director of DHSS, in the Superior Court of the State of New Jersey. See Docket No. Mer-L-508-08 (N.J. Super. Ct., Mercer County, Law Division.) The complaint was later amended to add as a defendant David Boos, Youssef's Supervising Auditor. In his Second Amended Complaint, which was filed on July 31, 2008, Youssef alleged, through counsel, that after the settlement of the first action in

_____

[1]Youssef indicates that he prosecuted a parallel lawsuit in state court, raising claims under the New Jersey Law Against Discrimination, N.J. Stat. Ann. § 10:5-1 et seq., which was also included in the settlement. See Docket No. MER-L-1322 (N.J. Super. Ct., Mercer County, Law Division.) There is no additional

2005, Appellees began a sustained campaign of harassment against him.  He sought relief under the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. § 10:5-1 et seq., on the basis of national origin discrimination, retaliation, age discrimination, and wrongful termination.

While his state court action was pending, Youssef filed a charge with the United States Equal Employment Opportunity Commission ("EEOC") alleging retaliation, age, and national origin discrimination based on what appear to be the same activities complained of in his Second Amended Complaint.  On October 22, 2009, the EEOC issued a letter stating that it appeared that DHSS had taken adverse employment actions against Youssef  in retaliation for his previous protected activity.  The EEOC assessed Youssef's damages at $397,792.00, and indicated that it would attempt to informally resolve the matter with DHSS.  No settlement was reached and, on February 25, 2010, the EEOC issued Youssef a "Right to Sue" letter.  On March 9, 2010, while Appellees' summary judgment motion was pending in state court, Youssef's counsel apprised the Court that the Right to Sue letter had been received, but did not seek leave to amend his complaint to add any federal causes of action.  On April 23, 2010, the Superior Court entered summary judgment against Youssef on his claims against Jennings and Boos in their individual capacities, and on one of his claims of age discrimination.[2]  Youssef's remaining claims against DHSS were permitted to proceed to a jury trial.  Following the close of Youssef's evidence, DHSS moved for and was granted a directed verdict on his

_____

information regarding this proceeding in the appellate record.

[2] The record contains only an order of the Superior Court without any rationale for

3

claims of discrimination on the basis of age, national origin, and ethnicity. With respect to the retaliation claim, the jury found in favor of DHSS on October 25, 2010.

Meanwhile, on January 14, 2010, Youssef initiated a new action in federal court in New Jersey pro se, naming DHSS, Jennings, and Robin Spaulding-Smith, Director of Human Resources, as defendants, and invoking Title VII and the ADEA.[3] Appellees moved to dismiss, arguing, among other things, that Youssef was barred by the entire controversy doctrine from asserting federal claims based on the same wrongful conduct which served as the basis for his state court action. They also argued that they had Eleventh Amendment immunity from suit under the ADEA, and that the individual defendants could not be sued under either Title VII or the ADEA. The District Court agreed that the entire controversy doctrine barred Youssef's suit against DHSS and Jennings, both of whom were parties to the state court action. The Court further held that all claims against Spaulding-Smith in her individual capacity must be dismissed, as neither Title VII nor the ADEA provides for individual liability. Youssef appeals.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review the District Court's grant of a motion to dismiss and its determination regarding the applicability of the entire controversy doctrine de novo. See Santiago v. Warminster Twp., 629 F.3d 121, 128 (3d Cir. 2010); Bennun v. Rutgers State Univ., 941 F.2d 154, 163 (3d Cir. 1991). New Jersey's "entire controversy doctrine is a particularly strict

---

its decision. (Da 59-60.)

[3]Specifically, Youssef alleged that "[t]he DHSS discriminated against [him] on the basis of 'national origin' and 'ethnicity' in violation of Title VII of the Civil Rights Act, Section 1981, and the [NJLAD]."

application of the rule against splitting a cause of action. . . . [I]t precludes not only claims which were actually brought in previous litigation, but also claims that could have been litigated in the previous litigation." Bennun, 941 F.2d at 163. It is not the parties or the specific causes of action which determines whether the doctrine applies, but "the core set of facts that provides the link between distinct claims . . . and triggers the requirement that they be determined in one proceeding." Fornarotto v. Am. Waterworks Co., 144 F.3d 276, 279 (3d Cir. 1998).

Upon review of the record, we must vacate the judgment of the District Court for several reasons. First, the District Court granted Appellees' motion to dismiss by order dated August 17, 2010, more than two months before the state court litigation concluded. We have clearly held that, as a variant of res judicata, which requires "the existence of a prior judgment that is final, valid, and on the merits[,] . . . the Entire Controversy Doctrine does not preclude the initiation of a second litigation before the first action has been concluded." Rycoline Prods., Inc. v. C&W Unlimited, 109 F.3d 883, 889 (3d Cir. 1997). We recognize that the state court litigation has now concluded and, as Youssef has not filed an appeal, the litigation is now final. In Rycoline, we specifically left open the question whether, "where two actions are pending simultaneously, the Entire Controversy Doctrine may be raised at the time one action is concluded to preclude completely the other action." Id. at 889 n.2. We need not address this issue at the present time, as other aspects of the District Court's opinion mandate that it be vacated.

In Rycoline, we also addressed the proper procedural mechanism for raising this affirmative defense as a bar to further litigation. As we explained, the entire controversy

5

doctrine may serve as a basis for dismissal under Federal Rule of Civil Procedure 12(b)(6). See id. at 886. However, in order to succeed on such a Rule 12(b)(6) motion, the applicability of the doctrine must be evident on the face of the complaint. See id. at 886. Before the District Court, Appellees submitted, and the Court clearly considered, matters outside the face of the complaint in determining the identity of the facts in the two parallel actions and the preclusive effect of the state court judgment. However, it did so without affording Appellant, who is proceeding pro se, notice of its intent to convert the motion to dismiss into a motion for summary judgment, and an opportunity to submit an affidavit or declaration contesting the facts and legal conclusions set forth in Appellees' certification in compliance with Federal Rule of Civil Procedure 56. See Fed. R. Civ. P. 12(d); see also Venuto v. Witco Corp., 117 F.3d 754, 757 (3d Cir. 1997) ("Because both sides relied on materials outside the pleadings, the court treated Witco's motion as a motion for summary judgment under Federal Rule of Civil Procedure 56"); Rose v. Bartle, 871 F.2d 331, 340 (3d Cir. 1989) ("When this conversion takes place all parties must be given the opportunity to present material to the court."). Because we cannot take notice of such facts in reviewing a Rule 12(b)(6) motion to dismiss, we cannot determine independently whether the federal and state court lawsuits were definitively based on the same nucleus of facts and whether the judgment of the state court would serve as a bar to the federal court litigation. Accordingly, we must vacate the judgment of the District Court and remand for further proceedings.

Finally, the District Court concluded that it was constrained to dismiss Youssef's claims against Spaulding-Smith in her individual capacity, as neither the ADEA nor Title

6

VII provides for individual liability. See Hill v. Borough of Kutztown, 455 F.3d 225, 246 n.29 (3d Cir. 2006) (ADEA); Sheridan v. E.I. DuPont de Nemours & Co., 100 F.3d 1061, 1077-78 (3d Cir. 1996) (Title VII). As noted earlier, Youssef specifically alleged that "[t]he DHSS discriminated against [him] on the basis of 'national origin' and 'ethnicity' in violation of Title VII of the Civil Rights Act, Section 1981, and the [NJLAD]." While Youssef's complaint is not a model of clarity, he clearly makes reference to 42 U.S.C. § 1981, which does provide for individual liability. See Al-Khazraji v. Saint Francis Coll., 784 F.2d 505, 518 (3d Cir. 1986). To the extent the District Court was unable to discern, from a plain reading of the complaint, whether Youssef was raising a § 1981 claim against Spaulding-Smith, the Court should have permitted Youssef leave to amend his complaint before dismissing it. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) ("When a plaintiff does *not* seek leave to amend a deficient complaint after a defendant moves to dismiss it, the Court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile.").

For the foregoing reasons, we will vacate the judgment of the District Court and remand this matter for further proceedings consistent with this opinion.