**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3985
_____

SOLIMAN A. YOUSSEF,

Appellant

v.

DEPARTMENT OF HEALTH AND SENIOR SERVICES;
ROBIN SPAULDING-SMITH; KEVIN JENNINGS
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:10-cv-00209)
District Judge:  Honorable Peter G. Sheridan
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 22, 2013

Before: AMBRO, HARDIMAN and ALDISERT, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  April 24, 2013 )
_____

OPINION
_____

PER CURIAM

After we remanded Soliman A. Youssef's case for further proceedings, the

defendants moved for summary judgment in their favor.[1]  As to defendant Spaulding-

_____

[1] As the parties are familiar with the background of this case, which we previously

Smith, the District Court dismissed any remaining claim against her because Youssef had not amended his complaint after our remand (and indicated no intention to do so). The District Court also ruled that Youssef's remaining claims were barred by the doctrine of res judicata. Youssef appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's decision is plenary, as is our review of any other questions of law, such as whether the District Court properly interpreted our mandate on remand (which is an issue that Youssef raises). See Abramson v. William Patterson Coll. of N.J., 260 F.3d 265, 276 (3d Cir. 2001); Kilbarr Corp. v. Business Sys., 990 F.2d 83, 87-88 (3d Cir. 1993).

We conclude that the District Court did not err in determining that no claim remained against Spaulding-Smith in her individual capacity. We previously upheld the dismissal of the claims against her in her individual capacity under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq*. At that point, we also directed the District Court to permit Youssef the opportunity to amend his complaint to clarify any claim against Spaulding-Smith under 42 U.S.C. § 1981. The District Court reopened proceedings pursuant to our remand. However, Youssef did not amend his complaint.[2]

---

described in Youssef v. Department of Health & Senior Services, 423 F. App'x 221 (3d Cir. 2011), we will present the facts only to the extent they are relevant to our decision.

[2] Youssef seems to understand our earlier opinion to mean that he stated a claim under

The District Court properly granted summary judgment on the remaining claims on res judicata grounds. Youssef contends that the District Court could not even consider the issue in light of our earlier opinion in his case. We do not read our earlier decision as disallowing a decision in the District Court on res judicata grounds. We noted the open question relating to the applicability of res judicata principles in this case, see Youssef, 423 F. App'x at 223 (citing Rycoline Prods., Inc. v. C&W Unlimited, 109 F.3d 883, 889 n.2 (3d Cir. 1997), but we suggested that the District Court could consider it when we remanded the matter for further proceedings, see id. at 224.

Res judicata encompasses two preclusion concepts – issue preclusion, which forecloses litigation of a litigated and decided matter, and claim preclusion (often referred to as direct or collateral estoppel), which disallows litigation of a matter that has never been litigated but which should have been presented in an earlier suit. See Migra v.

---

§ 1981 in his original complaint. However, we noted that he made a reference to § 1981, and we held that the District Court should have given him leave to amend "[t]o the extent the District Court was unable to discern . . . whether Youssef was raising a § 1981 claim against Spaulding-Smith." Youssef, 423 F. App'x at 224. Furthermore, any Title VII and ADEA claims against the individual defendants were properly dismissed because they are barred for the reasons we cited in discussing the case against Spaulding-Smith in our earlier opinion. See id.; see also Erie Telecomms. v. City of Erie, 853 F.2d 1084, 1089 n.10 (3d Cir. 1988) (holding that we may affirm on an alternative basis supported by the record). Also, the ADEA claims for damages could not go forward against the agency or the individual defendants in their official capacities, as the defendants argued in their motion for summary judgment. See Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 91 (2000). The defendants also contended that Youssef pursues claims that were subject to a settlement agreement in earlier litigation. It is unclear if he pursues those claims so much as describes them as background for his more recent claims. In any event, those older claims that were dismissed pursuant to a settlement agreement cannot be relitigated.

3

Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1(1984).  Where defendants invoke the doctrine in a federal case in reliance on an earlier state-court judgment, "Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so."  Allen v. McCurry, 449 U.S. 90, 96 (1980) (citing the Full Faith and Credit Act, 28 U.S.C. § 1738).  Accordingly, if the New Jersey state courts would give preclusive effect to the Superior Court judgment that became final after Youssef filed his complaint in this action, then we (and the District Court) must do so as well.

New Jersey applies the entire controversy doctrine, a "specific[] and idiosyncratic" version of traditional res judicata principles.  Rycoline Prods., Inc., 109 F.3d at 886.  The entire controversy doctrine requires a litigant to bring all related claims[3] in a single action "against a particular adversary or be precluded from bringing a second action based on the omitted claims against that party."  In re Mullarkey, 536 F.3d 215, 229 (3d Cir. 2008) (citation and quotation marks omitted).  A litigant cannot withhold part of a controversy, even a separate and independent cause of action, for later litigation.  See id.  The equitable doctrine, which is flexibly applied, does not "bar component claims that are

---

[3] After reviewing the record, including Youssef's federal and state complaints and the voluminous exhibits submitted at various stages by the parties, we agree with the District Court that the claims Youssef raised in federal court are related to the claims he brought in state court.  The core facts in both actions are the same and relate to the "same transaction or series of transactions."  Fornarotto v. Am. Waterworks Co., 144 F.3d 276, 279 (3d Cir. 1998) (quoting DiTrolio v. Antiles, 662 A.2d 492, 502 (N.J. 1995)).

4

unknown, unarisen, or unaccrued at the time of the original action." Id. However, a litigant whose related claim arises while the first action is pending "risks its loss unless he apprises the court and his adversary of its existence and submits to judicial discretion the determination of whether it should be joined in that action or reserved." Viviano v. CBS, Inc., 597 A.2d 543, 550-51 (N.J. Super. Ct. App. Div. 1991) (quoting Brown v. Brown, 506 A.2d 29, 34 (N.J. Super. Ct. App. Div. 1986) for the general rule). To "apprise" the court, the litigant is obligated to seek leave to file a supplemental pleading pursuant to Rule 4:9-4 of the New Jersey Rules that govern civil practice in the New Jersey Superior Court. Brown, 506 A.2d at 33-34. Pursuant to Rule 4:9-4, the proposed supplemental proceeding must accompany the motion for leave to file it.

In this case, the parties do not dispute that while a motion for summary judgment was pending in the state case, Youssef received a "right-to-sue" letter from the Equal Employment Opportunity Commission ("EEOC") regarding his federal claims, and his counsel brought the letter to the state court's attention.[4] Youssef more specifically contended that his counsel brought the new claims to the state court's attention and "asked for [the trial judge's] advice of what his Honor may decide." "Brief and Legal Argument in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment" (Ex. 5 to District Court Docket Entry No. 77) at 5. However, he did not put

---

[4] For the purposes of our analysis, we will assume that Youssef's federal claims "arose" at this point.

5

forth proof to controvert the defendants' contention that the extent of counsel's efforts was the attachment of the EEOC's decision to a letter to the court that stated, "In anticipation of your ruling on the pending summary judgment motion . . ., I thought you should be aware of the attached EEOC probable cause determination." Defendants' Motion for Summary Judgment, Ex. F at 1. Accordingly, on the record before us, Youssef did not satisfy the requirements set forth in Brown. See 506 A.2d at 33-34.

However, one last question remains about the applicability of the entire controversy doctrine because Youssef did not initiate his federal suit after the conclusion of his state court suit. He opened the federal action while the state action was pending.[5] As we noted previously, "[i]n Rycoline, we specifically left open the question whether, 'where two actions are pending simultaneously, the Entire Controversy Doctrine may be raised at the time one action is concluded to preclude completely the other action.'" Youssef, 423 F. App'x at 223 (quoting 109 F.3d at 889 n.2). Since we decided Rycoline, the New Jersey Superior Court has provided further guidance on the issue. The state court clarified that its rulings that stated or implied that the entire controversy doctrine precluded only successive suits about related claims, see, e.g., Kaselaan & D'Angelo Assocs., Inc. v. Soffian, 675 A.2d 705, 708 (N.J. Super. Ct. App. Div. 1996), did not foreclose the application of the doctrine after one of two simultaneously pending suits

---

[5] As the parties know, the state court action proceeded to a final judgment on the merits, which Youssef did not appeal.

concluded.  See Archbrook Laguna, L.L.C. v. Marsh, 997 A.2d 1035, 1041 (N.J. Super.

Ct. App. Div. 2010).  Because Youssef could have asserted in his state court action the

claims he raised in federal court,[6] because the state court had jurisdiction to hear them,

and because the state court reached a judgment on the merits in his earlier action, we

conclude that New Jersey would give preclusive effect to the state court judgment

reached after a jury trial.  Cf. id.  Accordingly, the District Court was correct in holding

that res judicata applied.

For these reasons, we conclude that the District Court properly granted summary

judgment in favor of the defendants.  We will affirm the judgment.

---

[6] Youssef could have done so even if only for the state court to determine whether he
should have been permitted to file a supplemental pleading.

7